**HYUNDAI MOTOR COMPANY, Hyundai Motor America, Inc., and Five Star Motors of Lafayette, Inc., d/b/a Bob Rohrman Hyundai, Appellants–Defendants,**

**v.**

**Joycelyne A. STAMPER and Scott A. Stamper, individually and as the parents and natural guardians of Cristen R. Stamper, a minor, Lauren K. Stamper, a minor, Brandon S. Stamper, a minor, and Alicia N. Stamper, a deceased minor, Appellees–Plaintiffs.**

No. 54A01–9501–CV–3.

Court of Appeals of Indiana.

June 12, 1995.

---

Stamper, a minor, and Alicia N. Stamper, a deceased minor (collectively Stampers) was unjustified.

## FACTS

On March 31, 1991, Joycelyne Stamper was transporting four of her children to Indianapolis in her 1990 Hyundai Excel. While travelling along State Road 32 in Montgomery County, Indiana, the Stampers were involved in a collision. Alicia Stamper was killed, and Cristen Stamper was ejected from the vehicle and sustained severe and permanent brain damage.

On March 16, 1992, the Stampers filed suit against Hyundai alleging that their Hyundai Excel, which had split in half through the passenger compartment along a seam of welds, was in a defective condition and unreasonably dangerous. Record at 97. During the Stampers' pre-trial investigation, they became aware of four newspaper and trade magazine articles which contained statements that Hyundai company executives had made during press conferences regarding the quality, manufacturing, and selling of Hyundai automobiles. As a result, on January 31, 1994, the Stampers served a request for admission, pursuant to Ind. Trial Rule 36(A), to Hyundai focusing on one of the articles. The Stampers' two requests read:

1. The attached article from the April 29, 1991 *Automotive News* accurately quotes and accurately summarizes the comments made by Chon Sung–Won, President of Hyundai Motor Corporation.

2. The April 29, 1991 *Automotive News* interview with Chon Sung–Won, President of Hyundai Motor Corporation, is admissible in evidence as admissions of a party.

R. at 109. Along with the requests for admission, the Stampers tendered interrogatories which stated that if Hyundai did not admit the requests for admission, Hyundai was to identify each statement in the article which Hyundai believed misquoted a Hyundai executive. R. at 114. Further, after setting forth all misstatements, Hyundai was asked to identify what the executive had actually said at the press conference.

James D. Witchger, Rocap, Witchger & Threlkeld, Indianapolis, Michael T. Pulaski, Robert W. Maxwell, Pulaski, Gieger & LaBorde, New Orleans, LA, for appellants.

James R. Fisher, Debra H. Miller, J. Scott Fanzini, Ice, Miller, Donadio & Ryan, Indianapolis, for appellees.

## OPINION

BAKER, Judge.

Appellants-defendants Hyundai Motor Company, Hyundai Motor America, Inc., and Five Star Motors of Lafayette, Inc., d/b/a Bob Rohrman Hyundai (collectively Hyundai) allege that the trial court's award of expenses and attorney fees, pursuant to Ind. Trial Rule 37(C), to appellees-plaintiffs Joycelyne A. Stamper and Scott S. Stamper, individually and as the parents and natural guardians of Cristen R. Stamper, a minor, Lauren K. Stamper, a minor, Brandon S.

Hyundai responded to the Stampers' requests for admission and interrogatories by raising an objection in which it asserted that the statements contained in the article were immaterial and irrelevant to the issues of the case which dealt with crashworthiness, strict liability, and products liability, and thus, they were not required to respond. Hyundai stated, "the article did not make the faintest mention of safety which is the issue in this case." R. at 118–19.

On July 21, 1994, the Stampers filed a motion to strike Hyundai's response to their requests for admission or in the alternative to compel Hyundai to admit or deny the requests. Also, on July 28, 1994, the Stampers served additional requests for admission on Hyundai. These requests sought for Hyundai to admit that statements made by Hyundai executives in the three other articles published in *Ward's Automotive International, Dealer Business,* and *The Chicago Tribune,* were accurate and admissible as admissions of a party.

■ After a hearing, the trial court granted the Stampers' motion to strike Hyundai's response to their first requests for admission on August 10, 1994. The court found that Hyundai's response was unnecessarily evasive and vague and ordered Hyundai to respond to the requests in a straight-forward manner. Thereafter, on August 19, 1994, Hyundai served their supplemental response to the Stampers' requests for admission concerning all four of the articles. In this response, Hyundai first raised a general objection to the requests claiming that the subject of each request was wholly immaterial and irrelevant to the issues before the court. Then, Hyundai denied each individual request.

Since Hyundai refused to admit that the statements in the articles were accurate, the Stampers attempted to prove the accuracy of the statements by deposing William W. Wolf, the director of public relations for Hyundai Motor America, Inc., Neil Douglas Mazza, the chief operating officer and executive vice-president of Hyundai Motor America, Inc.,

and two reporters, one of which wrote the article in *Automotive News.* Thereafter, the Stampers filed a motion for sanctions alleging that Hyundai unreasonably obstructed the discovery process by not admitting the truth of the executives' statements and requesting that the trial court order Hyundai to pay their attorney fees and the expenses incurred in proving the accuracy of those statements.[1] After a hearing, the trial court granted the Stampers' motion for sanctions finding that:

"[T]he requests for admissions by [the Stampers] were relatively straight forward and uncomplicated and could be easily answered by either admitting or denying. The court further finds that [Hyundai] first objected and that the court overruled the objections and ordered [Hyundai] to respond. [Hyundai] responded by denying the admissions. The [Stampers] were then put to the expense and the trouble of arranging for depositions, submitting additional interrogatories and otherwise verifying as true the admissions that were wrongly denied by [Hyundai].

The court finds that [Hyundai's] objections, that the request for admissions called for [Hyundai] to admit statements that were incomplete, that were taken out of context, were irrelevant and immaterial or prejudicial, do not bear on whether or not the statements were made and the court finds that the statements were made. It is clear from the evidence that has been introduced that the statements were made or that the articles accurately summarize the statements or the subject of the discussion if they were not directly quoted ... and the court finds that the requests to admissions (sic) were denied in bad faith and without good reason and therefore the sanctions should be imposed on [Hyundai] for such failure to comply in good faith with discovery."

R. at 405–08. The court ordered Hyundai to pay the Stampers $6,257.14 for their expenses and $28,156.00 for their attorney fees incurred in proving the accuracy of the state-

---

1. We observe that the Stampers only sought sanctions for Hyundai's denial of the accuracy of its executives' statements. They did not seek sanctions for Hyundai's denial that the statements constituted party admissions.

ments, for a total award of $34,413.14. However, the court stated that it would withhold entering any order or judgment that would require Hyundai to pay that amount pending further hearing. In response, Hyundai requested that the court enter a final order fixing the amount that it owed the Stampers without further hearing so that "this particular issue might be closed and [Hyundai] might take an appeal of the court's determination of liability and amount of sanctions." [2] R. at 409–10. On November 28, 1994, the court entered its final order [3] and Hyundai brought this appeal raising the following issues which we restate as: 1) whether the requests for admission were vague and irrelevant to the issue of safety and 2) whether the trial court erred in determining that the Stampers were entitled to an award of expenses and attorney fees under T.R. 37(C).

## DISCUSSION AND DECISION

 A trial court is vested with broad discretion in ruling on issues relating to discovery, and this court will reverse a trial court's rulings in this area only where an abuse of that discretion is apparent. *Marshall v. Woodruff* (1994), Ind.App., 631 N.E.2d 3, 5. Further, a trial court's determination of which sanction to impose for failure to comply with the trial court's order concerning a discovery matter is also a matter within its discretion. *McCullough v. Archbold Ladder Co.* (1993), Ind., 605 N.E.2d 175, 180.

### I. Requests for Admission

 Initially, Hyundai argues that it was justified in denying the Stampers' requests for admission because the requests were vague and ambiguous in that they "did not set forth specific language which the Stampers contend is attributable to specific Hyundai executives." Appellant's Brief at 18. Hyundai cites *F.W. Means & Co. v. Carstens* (1981), Ind.App., 428 N.E.2d 251, 257, for the proposition that it is the requesting party's burden to artfully draft the statement of facts contained in its request for admission. The statement must be precise, unambiguous and in no way mislead the answering party. *Id.*

Hyundai correctly recites the law set forth in *F.W. Means & Co.* However, we find that in the present case the Stampers did artfully and precisely draft their requests for admission. The first set of requests specifically refer Hyundai to the article published in *Automotive News,* a copy of which was attached to the Stampers request, and specifically ask Hyundai to admit the accuracy of the statements made by Hyundai's President, Chon Sung–Won. Similarly, each of the other requests specifically identified a particular Hyundai representative and the newspaper or magazine article that contained statements made by that executive. Copies of these articles were also attached to the Stampers' requests for admission. We do not see how Hyundai, who had copies of the articles before it and was surely capable of identifying which named individuals quoted in the article were Hyundai executives, could have been misled by the requests. These requests were not vague and ambiguous and Hyundai was not justified in denying the requests based upon those grounds.

 Next, Hyundai alleges that the Stampers' requests for admission were out-

---

2. Although Hyundai challenges the propriety of the amount of the award of sanctions in its appellant's brief, Hyundai conceded at oral argument held on May 9, 1995, that it was only contesting whether the Stampers were entitled to sanctions and not whether the amount of sanctions awarded was appropriate. Thus, Hyundai has waived this issue for review.

3. At oral argument appellate counsel, Robert Maxwell, disclosed that subsequent to the trial court's award of sanctions, the case was tried before a jury which rendered a verdict in favor of Hyundai for the Stampers' deceased child and failed to reach a verdict in regard to the Stamp-

ers' injured child. Mr. Maxwell stated that "the proof is in the pudding" in that the jury's verdict in Hyundai's favor proved that the statements in the articles were not relevant to the crashworthiness of Hyundai vehicles. We remind counsel that on appeal we consider only evidence contained in the record. *Hales & Hunter Co. v. Norfolk & W. Ry. Co.* (1981), Ind., 428 N.E.2d 1225, 1227. Here, the trial transcript and jury verdicts were not included in the record. Further, on appeal we are confronted with the issue as of the time it was presented to the trial court. Reference to matters outside of that time period, i.e. a subsequent trial, is inappropriate.

side the scope of Ind. Trial Rule 26(B)(1) in that they were not relevant to the issue in the case. Specifically, Hyundai claims the statements dealt with "issues of fit and finish, customer satisfaction, marketing, and the quality of fabrics and paint" of Hyundai automobiles and not with safety which was the only issue in the case. Appellant's Brief at 12. Thus, the argument continues, because the requests were outside the scope of discovery, the trial court erred in requiring Hyundai to respond to the requests.

■■■ A trial court exercises judicial discretion in ruling on discovery issues and we will reverse on appeal only for an abuse of that discretion. *Bishop v. Goins* (1992), Ind. App., 586 N.E.2d 905, 906. T.R. 26(B)(1) requires that the information sought through discovery must be relevant, admissible, or reasonably calculated to lead to the discovery of admissible evidence, and not privileged. *Richey v. Chappell* (1992), Ind., 594 N.E.2d 443, 445. However, relevancy, for purposes of discovery, is not the same as relevancy at trial. *Bishop*, 586 N.E.2d at 907, n. 2. A document is relevant to discovery if there is the possibility that the information sought may be relevant to the subject matter of the action. *Id.*

Here, the statements by Hyundai executives deal with the quality, manufacturing, and selling of Hyundai automobiles. We refrain from reproducing those statements in this opinion because we fear, as Hyundai aptly points out, that taking the statements out of their context in the articles could alter their meaning. Therefore, we undertook a review of the statements read in the context of the entire articles. Having done so, we find that there is a possibility that the statements are relevant to issues of safety and crashworthiness. Thus, the information sought in the requests for admission was within the scope of discovery and the trial court did not abuse its discretion in requiring Hyundai to respond to them. We note that the weight to be given to the statements and the ultimate decision of whether these statements prove facts about the safety of Hyundai's automobiles are questions to be decided by the jury. Accordingly, Hyundai was not justified in denying the requests on the ground that they were outside the scope of discovery.

## II. Award of Expenses

■■■ Hyundai next argues that the trial court's award of expenses pursuant to T.R. 37(C) was unjustified. T.R. 37(C) states:

> If a party fails to admit ... the truth of any matter as requested under Rule 36, and if the party thereafter proves ... the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (1) the request was held objectionable pursuant to Rule 36(A), or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had reasonable ground to believe that he might prevail on the matter, or (4) there was other good reason for the failure to admit.

First, Hyundai claims that the Stampers could not seek sanctions under T.R. 37(C) because they did not prove the truth of the statements that they requested Hyundai to admit. We disagree.

In proving the accuracy of the statements, the Stampers admitted the deposition of William W. Wolf, the director of public relations for Hyundai Motor America, Inc. Wolf testified that as a part of his job responsibilities, he or a member of his staff is required to be present and take notes during interviews given by Hyundai Motor Company executives. R. at 398. Further, Wolf stated that he or a staff member then obtains a copy of any article containing statements made by those executives and if the executive was misquoted it is his responsibility to notify the journalist and request a correction. R. at 398. Wolf personally attended the press conference at which President Chon Sung–Won made statements which were quoted in the *Automotive News* and *Ward's Automotive International* articles. R. at 398. With respect to Chon Sung–Won's statements quoted in those articles, Wolf testified that he received a copy of the articles after they were published and that he did not believe

that the articles misquoted Chon Sung–Won.[4] Further, Wolf stated that he also believed that the statements made by Chon Sung–Won and Neil Douglas Mazza, the vice-president of Hyundai Motor America, Inc., in the *Dealer Business* and *The Chicago Tribune* articles were accurate.

In addition, the Stampers also deposed Mazza regarding the accuracy of the statements he and Chris Hosford, a publicist for Hyundai Motor Company, made in the *Dealer Business* article. Mazza testified that although he did not recall making all of the statements, he would represent them to be true. R. at 313. He also stated that Hosford's statements were accurate.

We find that the evidence presented to the trial court was sufficient to prove that the Hyundai executives' statements contained in the four articles were accurate quotes. Thus, the trial court did not abuse its discretion in finding that the Stampers proved the truth of the matters in its requests for admission and were entitled to seek sanctions under T.R. 37(C).

█ Nevertheless, Hyundai asserts that the Stampers were not entitled to seek sanctions because Hyundai had reasonable grounds to believe that it would prevail on the issue of whether its denials were justified. As set out above, a party's refusal to admit is excusable where that party had reasonable grounds to believe that he might prevail on the matter. T.R. 37(C)(3).[5] However, Hyundai's argument that it would prevail is based almost entirely upon its allegations that the requests for admission were vague and ambiguous and covered matters outside the scope of discovery in that the executives' statements had absolutely nothing to do with the safety issue in the case.

As we stated previously, the requests were not vague and ambiguous. The Stampers attached copies of the articles to their requests and we find it hard to believe that Hyundai was unable to identify which named individuals, quoted in the articles, were its own executives. Further, we have also determined that the requests were within the scope of discovery.

█ Next, Hyundai claims that in requesting these admissions, the clear intent of the Stampers was to mislead the court by suggesting that the articles and statements related to the issue of safety and that "high-ranking Hyundai executives have admitted the existence of crashworthiness or safety problems with Hyundai vehicles, including the one in issue." Appellant's Brief at 20, 23.[6] Thus, Hyundai posits, "[it] could not admit the Requests as posed. To do so would have constituted admissions that its vehicles, including the one owned by the Stampers, were unsafe, not crashworthy, and products of bad production." Appellant's Brief at 8. Hyundai is clearly mistaken. The Stampers' requests for admission only request Hyundai to admit the accuracy of its executives' statements. The requests do not ask Hyundai to admit that the statements deal with the safety of Hyundai automobiles. We cannot see how Hyundai could believe that it would prevail on the merits in denying the accuracy of the statements when its own employees testified that the statements were accurate.[7]

---

4. We note that there were six requests for admission regarding the *Ward's Automotive International* article. The Stampers requested that Hyundai admit that the statements of Chon Sung–Won, an unnamed executive and H.Y. Hur, a publicist for Hyundai, were accurate and constituted party admissions. Although we find that the Stampers proved the accuracy of Chon Sung–Won's statements, they have not presented evidence proving that the statements made by the unnamed Hyundai executive or by H.Y. Hur were accurate. Thus, the Stampers were only entitled to seek T.R. 37(C) sanctions for Hyundai's denial of the requests regarding Chon Sung–Won's statements.

5. We point out that Hyundai does not allege that its denial of the requests were justified by any of the other exceptions listed in T.R. 37(C).

6. We note that Hyundai's argument is circular. If, as Hyundai asserts, the statements in the articles had absolutely nothing to do with the safety of Hyundai's automobiles, then how could the Stampers possibly mislead the court into believing that the statements did relate to safety.

7. In addition, we note that Wolf, Hyundai's executive who was in charge of checking the accuracy of all articles containing statements made by Hyundai representatives, was not even questioned by Hyundai before it denied the Stampers requests for admission.

In conclusion, we find that Hyundai's belief that it would prevail on the issue of whether its denials were justified was not reasonable, and thus, the trial court did not abuse its discretion in ordering Hyundai to pay the Stampers reasonable expenses under T.R. 37(C).[8] We observe that Hyundai could have avoided these sanctions had it simply admitted that the statements were accurate and then stated that they did not believe the statements concerned the safety of its automobiles.

### III. Appellate Attorney Fees

Appellate Rule 15(G) provides:

> If the court on appeal affirms the judgment, damages may be assessed in favor of the appellee not exceeding ten per cent (10%) upon the judgment, in money judgments, and in other cases in the discretion of the court; and the court shall remand such cause for execution.

Further, this court has held that an award of damages under App.R. 15(G) is discretionary and may be ordered when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay. *Tipton v. Roerig, a Div. of Pfizer Pharmaceuticals* (1991), Ind.App., 581 N.E.2d 1279, 1285, citing *Orr v. Turco Mfg. Co. Inc.* (1987), Ind., 512 N.E.2d 151, 152. However, our supreme court has cautioned that attorney fees should be awarded only when the contentions on appeal are utterly devoid of all plausibility so as not to chill an attorney's pursuit of novel theories or remedies. *Id.*

In the present case, Hyundai conceded at oral argument that it knew from the outset that the direct quotes of its executives printed in the articles were accurate. Nevertheless, Hyundai denied the accuracy of the quotes in its response to the Stampers' requests for admission. The trial court specifically found that these denials of the requests for admission were made in bad faith. Despite Hyundai's knowledge that the quotes

were accurate and the trial court's finding of bad faith, Hyundai proceeded to bring this case before us and argue that the Stampers were not entitled to sanctions on the basis of Hyundai's responses in which it denied the accuracy of the quotes. Once again, the Stampers incurred unnecessary expenses in litigating the propriety of its requests for admission and the award of sanctions. Thus, pursuant to App.R. 15(G), we remand to the trial court and order it to determine the appropriate amount of the Stampers' appellate attorney fees incurred in litigating the action before this court. By ordering such an award, we are upholding the purpose of T.R. 37(C) sanctions which is to compensate the Stampers for the unnecessary expenses they incurred as a result of this litigation. Furthermore, if we did not award further attorney fees we would be diminishing the trial court's findings of bad faith and its efforts to compensate the Stampers for Hyundai's actions.

Judgment affirmed and remanded for purposes of determining appellate attorney fees.

STATON and DARDEN, JJ., concur.

---

**8.** In their appellee's brief, the Stampers assert that in addition to being entitled to sanctions pursuant to T.R. 37(C), sanctions were also warranted because Hyundai obstructed the discovery process in bad faith. Because we find that the Stampers' award of sanctions was justified under T.R. 37(C), we need not address the Stampers' argument regarding bad faith as a justification for an award of sanctions.