**FAIRLAND RECREATIONAL CLUB, INC., Appellant–Plaintiff,**

v.

**INDIANAPOLIS DOWNS, LLC, Appellee–Defendant.**

No. 73A01–0403–CV–115.

Court of Appeals of Indiana.

Nov. 23, 2004.

Gene R. Leeuw, John M. Mead, Leeuw Oberlies & Campbell, P.C., Indianapolis, IN, Attorneys for Appellant.

Mary F. Schmid, James W. Brauer, Stewart & Irwin, P.C., Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Fairland Recreation Club ("Fairland") appeals the trial court's denial of its request for attorney fees and costs accrued as a result of Indianapolis Downs' responses to requests for admission. We affirm.

## Issue

The sole issue before us is whether the trial court erroneously denied Fairland's request for attorney fees and costs.

## Facts

The facts relevant to this appeal follow. In 2002, Fairland initiated this action against Indianapolis Downs alleging inter alia that during construction on Indianapolis Downs' property, Indianapolis Downs diverted underground water away from its usual course and drained a lake on Fairland's property. During the discovery phase, Fairland served a series of requests for admission on Indianapolis Downs, one of which stated:

REQUEST NO. 7: Admit or deny that from March 2002 through the present, Indianapolis Downs, its agents, employees, or contractors working for it or under its direction and control, in the course of de-watering activities associated with the construction work on the site, have caused a decline in the water level of the lake located on the property owned and operated by the Fairland Recreation Club.

App. p. 27. Indianapolis Downs' response stated, "Defendant is without sufficient information to either admit or deny this request for admission and it is therefore denied." App. p. 27. In a corresponding interrogatory, Fairland stated, "If you do not unequivocally admit the answer to the foregoing request, state the specific reasons for your denial and all witnesses or documents that support your denial." App. p. 27. In its answer, Indianapolis Downs stated, "See responses to Request No. 7." App. p. 27.

After a jury trial in November 2003, Fairland was awarded $26,800 in compensatory damages and $120,000 in punitive damages, which were later reduced pursuant to statute. Thereafter, Fairland filed a request for attorney fees and costs associated with Indianapolis Downs' denial in its response to the request for admissions.[1] In its order denying Fairland's request, the trial court found in part:

The Requests for Admission in issue contain specific terms to which the Defendant had reasonable basis to refuse to admit. For example, Request No. 6 requires the Defendant to agree the diverted water "channeled into a ditch and culvert." The Defendant in a related Answer to Interrogatory explaining its refusal to Admit to Request for Admission No. 6 stated "the groundwater was pumped up to the surface to a sediment basin and from there it took its actual drainage course." The Court finds no fault with the conduct of the Defendant in responding to the Requests for Admission.

App. p. 9. Fairland now appeals the denial of its request.

## Analysis

 A trial court exercises judicial discretion in ruling on discovery issues, and we will reverse on appeal only for an abuse of that discretion. *Hyundai Motor Co. v. Stamper*, 651 N.E.2d 803, 808 (Ind. Ct.App.1995). Indiana Trial Rule 36 permits a litigant to serve upon the opposing party a written request for admission of the truth of matters relevant to the litigation. Unlike other discovery techniques, the essential purpose of a request for admission is to obviate the need for time-consuming proof at trial by establishing undisputed facts, instead of attempting to "discover" essentially unknown facts by deposition or interrogatory. *Georgetown Steel Corp. v. Chaffee*, 519 N.E.2d 574,

---

1. Fairland's request was based on Indianapolis Downs' answers to Requests No. 6 and No.

7. Fairland's appeal relates solely to the response to Request No. 7.

575–76 (Ind.Ct.App.1988), *trans. denied.* Indiana Trial Rule 37(C) provides:

> If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (1) the request was held objectionable pursuant to Rule 36(A), or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had reasonable ground to believe that he might prevail on the matter, or (4) there was other good reason for the failure to admit.

It is pursuant to this rule that Fairland sought to recoup fees and expenses from Indianapolis Downs.

Fairland argues that because Indianapolis Downs failed to admit Request No. 7 and because Fairland subsequently proved the matter during trial, it is entitled to recover fees and costs. Specifically, Fairland argues:

> The issue of what caused the Fairland lake to lose its water was central to Count II of the amended Complaint. Indianapolis Downs denied that its dewatering efforts caused the decline in its response to the Request for Admissions and again at a later deposition. Then, at trial, its own witnesses admitted that the cause and effect were known to them.

Appellant's Br. p. 8. Fairland points to testimony by Indianapolis Downs' witnesses Jonathan Moen from Mid–States Engineering, John Schuster from Indianapolis Downs, and Mark Basch from the Indiana Department of Natural Resources, and argues the witnesses admitted that Indianapolis Downs' dewatering activities drained the lake. Fairland also points to the testimony of Dr. Darrell Leap who confirmed the effect of the dewatering activities.

However, the question in this case of whether the trial court's denial of Fairland's request for fees and costs was proper turns on the language of Request No. 7 itself, not on whether the truth of the matter was proven during trial. Indianapolis Downs argues that Request No. 7 was "improperly vague and ambiguous, and unfairly increased the burden on the answering party, Indianapolis Downs." Appellee's Br. p. 7. We agree with Indianapolis Downs, and ultimately with the trial court, to the extent that the request was inartfully written such that it was reasonable for Indianapolis Downs to not admit the matter.

First, Indianapolis Downs argues that it was unprepared to admit that the dewatering activities caused the decline in the water level "from March 2002 through the present." App. p. 27. Indianapolis Downs argues that those dates were at issue during trial. Next, Indianapolis Downs argues that the language, "its agents, employees, or contractors working for it or under its direction and control" required it to admit facts giving rise to a legal theory of liability under respondeat superior for the subcontractor's conduct. Indianapolis Downs also argues it could not admit that the lake was located on the property owned and operated by the Fairland Recreation Club because it did not know who owned the property.[2] More generally, Indianapolis Downs argues that sanctions

---

**2.** Indianapolis Downs points out that the property is not owned by Fairland, but by a trust entitled "the Richard and Geraldine Herr Trust."

were unwarranted because the determination of whether Indianapolis Downs' dewatering caused a decline in the water level of Fairland Lake was a materially disputed issue of fact that required the expertise of a hydrologist and/or engineer.

■ Because of the imprecise drafting of the request, Indianapolis Downs was justified in not admitting the matter contained therein. Because the purpose of requests for admission is to conclusively establish facts, the requesting party bears the burden of artfully drafting a statement of facts contained in a request for admission in a manner that is precise, unambiguous, and not misleading to the answering party. *Weldy v. Kline*, 652 N.E.2d 107, 110 (Ind.Ct.App.1995), *trans. denied.* Fairland failed to do so. Therefore, the trial court was within its discretion to find that Indianapolis Downs had a reasonable basis for not admitting the request and properly denied Fairland's request for fees and costs pursuant to Trial Rule 37(C).

However, we would be remiss if we did not comment on the following part of Trial Rule 36(A):

If objection [to the request for admission] is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny or that the inquiry would be unreasonably burdensome. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; he may, subject to the provisions of Rule 37(C), deny the matter or set forth reasons why he cannot admit or deny it.[3]

Indianapolis Downs neither attempted to object to the request for admission nor indicated that it had conducted a reasonable inquiry to obtain information or that doing so would be unreasonably burdensome. Also, in its response to Interrogatory No. 7, wherein it was asked to explain why it did not admit the matter contained in Request No. 7, Indianapolis Downs merely responded by referencing its answer to Request No. 7 and did not elaborate or otherwise clarify its response to the request. Indianapolis Downs could have, and should have, put forth a greater effort to answer the request with whatever clarification was necessary to answer accurately. We warn counsel in future litigation to be more careful in complying not only with the black letter of this rule, but also the spirit of it.

## Conclusion

The trial court properly denied Fairland's request to recoup fees and costs for

3. Indianapolis Downs' apparent failure to comply with this part of Trial Rule 36(A) does not affect our conclusion that Fairland is not entitled to recover fees and costs pursuant to Trial Rule 37(C). That is a separate inquiry. Fairland sought sanctions based on Indianapolis Downs' failure to admit. Although Trial Rule 36 provides a procedure for clarifying and objecting to requests for admission that should have been followed, Indianapolis Downs should not be sanctioned for failing to admit to Fairland's request.

litigation costs pursuant to Trial Rule 37(C). We affirm.

Affirmed.

NAJAM, J., and SULLIVAN, J., concur.