**HALES & HUNTER COMPANY, Appellant and Cross-Defendant,**

**and**

**Cargill, Inc., Appellant and Third-Party Defendant,**

**v.**

**NORFOLK & WESTERN RAILWAY COMPANY, Appellee, Cross-Claimant and Third-Party Plaintiff.**

No. 1281S349.

Supreme Court of Indiana.

Dec. 10, 1981.

Edward N. Kalamaros and Timothy J. Walsh, Edward N. Kalamaros & Associates, South Bend, for appellants.

Linley E. Pearson, Campbell, Hardesty, Pearson & Douglas, Frankfort, for appellee, cross-claimant and third-party plaintiff.

## ON PETITION TO TRANSFER

HUNTER, Justice.

This cause is before us on the petition to transfer of Hales & Hunter Company and Cargill, Inc. (hereinafter collectively referred to as "Hales & Hunter"), wherein the companies seek review of the memorandum decision of the Court of Appeals. *Hales & Hunter Co. v. Norfolk & Western Railway*, (1981) Ind.App., 415 N.E.2d 166. There, the Court of Appeals affirmed the trial court's judgment against Hales & Hunter and award of $30,000 to the Norfolk & Western Railway. We hereby grant transfer, vacate the decision and opinion of the Court of Appeals, as well as the judgment of the trial court, and remand the

cause to the trial court for further proceedings not inconsistent with this opinion.

Prior to the trial of this cause, depositions were taken by the parties and filed in the trial court. They then stipulated that "the depositions taken in this cause may be published, spread of record, and considered by the court, without the intervention of a jury" in the resolution of the suit. Acting without the intervention of a jury, the trial court ultimately entered the aforesaid judgment.

The record compiled in the trial court does not indicate the depositions were among those matters considered by the court in arriving at its verdict. There is no order in the record that the depositions were published and spread of record, nor is there reference to evidence contained in the depositions in the court's judgment.

Among the issues raised by Hales & Hunter in its appeal was the claim the evidence was insufficient and, as part and parcel thereof, that the trial court had not considered the depositions in its evaluation of the evidence. In resolving that issue, the Court of Appeals issued a writ of certiorari to the clerk of the trial court, directing it to forward the depositions to the Court of Appeals. The Court of Appeals concluded the stipulation was sufficient to satisfy the policy reasons behind the publication requirement enunciated in *Augustine v. First Fed. Sav. & L. Ass'n of Gary*, (1979) Ind., 384 N.E.2d 1018. Accordingly, it examined the depositions and, based in part on the evidence contained therein, rejected Hales & Hunter's contention that the evidence was insufficient to support the trial court's verdict.

In *Augustine*, this Court reversed the Court of Appeals for the reason that it considered evidence contained in unpublished depositions and thereby reversed a summary judgment granted by the trial court. For this Court, Chief Justice Givan stated:

"We hereby hold that publication of a deposition is still required in order to place the deposition before the court. Until the deposition is published, by order

of the court upon a motion of either party, the deposition cannot be taken into account by the court in ruling on any motions of the parties.

"There is a sound and practical reason for requiring publication. Under our rules, at the time a deposition is taken, a party need not object to questions on the basis of inadmissibility. Rather, TR. 32(B) permits a party to wait and make his objection at the trial or hearing when the deposition is read into evidence or otherwise used. Were we to dispense with the publication requirement, the very essence of TR. 32(B) could not be implemented. Trial judges could examine depositions at will without regard to the possibility that they might contain objectionable matter.

\* \* \*

"We, therefore, hold that before a trial court can consider testimony in depositions either in ruling on motions or at the trial the depositions must be published." Augustine v. First Fed. Sav. & L. Ass'n of Gary, supra at 1020 (emphasis added).

We agree with the Court of Appeals that a stipulation of the parties would satisfy the policy considerations surrounding the implementation of Ind.R.Tr.P. 32(B). Nevertheless, more basic considerations prompt us to grant relief.

■ It requires no citation to authority to acknowledge that fact-finding is a matter entrusted to and dispensed at the trial court level of our judicial system. Whether the evidence is assessed by a jury or the court, it is axiomatic that the parties are entitled to have the factfinder consider all relevant and proper evidence which is tendered. As the Court of Appeals found it necessary to examine the evidence contained in the depositions in order to dispose of the sufficiency claim, so also should the trial court have examined the matters contained therein; that is true notwithstanding the parties' use of the word "may" in their stipulation, for the court does not have discretion to refuse to consider properly tendered evidence which is relevant and not repetitive. The trial court erred in failing to publish the depositions and consider the matters contained therein.

■ It is likewise axiomatic that appellate review of the factfinder's assessment is limited to those matters contained in the record which were presented to and considered by the fact-finder. The requirement that depositions be published insures that the question whether depositions submitted to the trial court were part of the body of evidence considered below is not resolved by resort to speculation and conjecture. For that reason, the requirement applies with equal force to our trial and appellate tribunals. Were it otherwise, the specter of a double standard would arise; unpublished depositions could be examined on appeal to affirm the judgment of the trial court, as here, but could not be examined on appeal to reverse the judgment of the lower court, as in Augustine.

The trial court's order, we note, includes the statement that the parties' stipulation had been "examined." Again, however, there is no indication the trial court acted in accordance with the stipulation and did in fact publish the depositions and consider the matters contained therein. Only conjecture would lead us to the conclusion that the depositions were published and considered by the trial court; compliance with the dictates of Augustine obviates the need for dubious after-the-fact determinations based on speculation concerning what actually occurred in the trial court.

■ For these reasons, we must conclude the Court of Appeals erred by examining the unpublished depositions not considered by the trial court. The cause is remanded to the trial court with the directive that it vacate its judgment, publish and spread of record the depositions subject to the stipulation, and, in conjunction with other evidence previously presented, consider the evidence contained in the depositions in assessing the claims of the parties.

The memorandum decision and opinion of the Court of Appeals is reversed and vacated, the judgment of the trial court is held for naught, and the cause is remanded.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.