Martha Jean HOLLOWAY, Frederick Frank Reissner, Appellants (Plaintiffs Below),

v.

GIGANTI, INC., Giganti Employee Trust Plan Number 501, Appellees (Defendants Below).

No. 49A02–8812–CV–447.[1]

Court of Appeals of Indiana, First District.

June 28, 1989.

Rehearing Denied Aug. 1, 1989.

---

1. This case was diverted from the Second District by Direction of the Chief Judge.

Steven Gene Poore, Indianapolis, for appellants.

Gregory L. Noland, Russell T. Clarke, Jr., Emswiller, Williams, Noland & Clarke, Indianapolis, for appellees.

ROBERTSON, Judge.

Martha Jean Holloway and Frederick Frank Reissner appeal the entering of a summary judgment in favor of the defendants, Giganti, Inc. and the Giganti Employee Trust Plan Number 501 (Giganti) in Holloway's action for medical benefits from an employee trust organized pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*

We affirm.

■ Much of Holloway's response to Giganti's motion for summary judgment is premised upon facts developed by deposition of Reissner. Giganti is correct in its assertion that until a deposition has been published by order of the trial court upon the motion of either party, the deposition cannot be taken into account by the trial court in ruling upon a motion for summary judgment and it cannot be considered by this court in reviewing the granting of a summary judgment. *Augustine v. First Federal Savings & Loan Association of Gary,* (1979), 270 Ind. 238, 384 N.E.2d 1018, 1020; *Hales & Hunter Co. v. Norfolk & Western Railway Co.* (1981), Ind., 428 N.E.2d 1225, 1227; *Ellis v. Smith* (1988), Ind.App., 528 N.E.2d 826, 828. Likewise, the other documents attached to the answers to the interrogatories and to the parties' respective motions and response, which are not sworn statements, certified copies, or verified by affidavit, do not quali-

fy for consideration. *McMahan v. Snap On Tool Corp.* (1985), Ind.App., 478 N.E.2d 116. Accordingly, we will confine our review to the facts alleged in the complaint, taken as true except to the extent they have been negated by the verified answers to the interrogatories.[2] *Hinkle v. Niehaus Lumber Co.* (1987), Ind.App., 510 N.E.2d 198, 200 citing *Kahf v. Charleston South Apartments* (1984), Ind.App., 461 N.E.2d 723, 729, *trans. denied; Papp v. City of Hammond* (1967), 248 Ind. 637, 230 N.E.2d 326.

Holloway alleges in her complaint that Giganti breached the terms of its trust agreement by refusing to cover medical expenses incurred by Holloway as a consequence of back surgery on September 19, 1985. Holloway is the former wife of Reissner who was an employee of Giganti from September, 1982 through January, 1986 covered by the Giganti Employee Trust. The trust extends benefits to spouses of employees as eligible dependents. It is undisputed that upon the dissolution of their marriage in January, 1984, Reissner was ordered to maintain medical insurance on Holloway until she graduated from law school and gained employment, and that in May, 1985 Holloway graduated from law school and was retained as a deputy prosecutor in the Marion County Prosecutor's office.

 Holloway alleges that the trust agreed to continue coverage of her as a dependent after the dissolution at Reissner's request. Giganti denies this allegation but argues that even if it was obligated to provided coverage to Holloway as a dependent, that obligation ended when Holloway graduated from law school and gained employment. The parties agree the operative question is whether Holloway had "gained employment." We must con-

cur with Giganti the trial court could determine based upon the undisputed facts that Holloway had gained employment as a matter of law, whether or not the parties to the dissolution intended that she be covered by Reissner's insurance until she became eligible for coverage through her employment. The intent relevant in contract matters is not the parties' subjective intents but their outward manifestation of it. *Crabtree v. Lee* (1984), Ind.App., 469 N.E.2d 476, 479. The language "gains employment" is unambiguous; no two reasonable persons could differ as to its meaning. Hence, resort to extrinsic evidence is unnecessary. *English Coal Co., Inc. v. Durcholz* (1981), Ind.App., 422 N.E.2d 302, 309, *trans. denied.*

 Holloway argues that regardless of her eligibility status, she is entitled to recover from the trust because she relied upon the assurances of representatives of Giganti to her detriment. However, even if we take as true the facts alleged in the complaint, namely, that the trust confirmed in response to an inquiry from Reissner that Holloway was covered by the trust[3] and that the trust paid a dental claim submitted by Holloway in August, 1985, there are no facts alleged or proved demonstrating that Holloway was induced by this assurance to forego the purchase of other insurance or that by reason of their assurances, Holloway proceeded to incur the costs associated with the back surgery. Whether Holloway's suit is premised upon promissory estoppel as she argues in her brief or the doctrine of equitable estoppel, an actual change in position in reliance upon Giganti's assertions is essential to Holloway's claim. *See,* Restatement (Second) of Contracts § 90 (1977) ("A promise ... which does induce action or forbear-

---

2. Holloway maintains that having failed to object to her use of the deposition at the trial court level and by using facts evolved through the deposition to characterize Holloway's argument, Giganti cannot now complain about the deposition's use for appellate review. Holloway has not clarified for us, however, how Giganti's omissions transform the deposition or any of the other materials into the admissible evidence required by Ind. Rules of Procedure, Trial Rule

56. Our standard of review for purposes of a summary judgment is the same as that of the trial court. *Ogden Estate v. Decatur County Hospital* (1987), Ind.App., 509 N.E.2d 901, 902, *trans. denied.*

3. Holloway does not allege when the representations of coverage were made to Reissner; Giganti denies that any verification occurred.

ance ...."); *Lyon Metal Products v. Hagerman Construction Corp.* (1979), 181 Ind. App. 336, 391 N.E.2d 1152, 1156; *Midland Building Industries v. Oldenkamp* (1952), 122 Ind.App. 347, 103 N.E.2d 451, *trans. denied.* When estoppel is relied upon as an element of a cause of action, it must be pleaded with particularity, with every essential fact set forth, since nothing can be supplied by inference or intendment. *Schill v. Choate* (1969), 144 Ind.App. 543, 247 N.E.2d 688, 696.

To avoid a summary judgment, Holloway had the burden of setting forth facts which would invoke the doctrine of estoppel. She could have met this burden by alleging facts in her complaint or supplementing her pleadings with an affidavit. Having failed to do so, summary judgment was appropriate.

Judgment affirmed.

RATLIFF, C.J. and SHIELDS, P.J., concur.