**Ruth LARCH, Edward E. Larch, and Velma J. Barrett, Appellants (Defendants Below),**

v.

**William J. LARCH and DMB Agricorp, Inc., Appellees (Plaintiffs Below).**

**No. 04A03–9003–CV–124.**

Court of Appeals of Indiana, Third District.

Dec. 19, 1990.

James R. Bunch, Wallace, Campbell, Bunch, Shambach, Rennick & Orr, Covington, for appellants.

Robert L. Bauman, Rodney E. Forbes, Gambs, Mucker, Bauman & Seeger, Lafayette, for appellees.

STATON, Judge.

Ruth Larch, Edward E. Larch and Velma J. Barrett appeal the entry of a partial summary judgment against them, raising the following four issues:

 I. Whether the trial court erred in considering the deposition of John F. Gaskill.

 II. Whether the trial court erred in failing to consider the depositions of the parties.

 III. Whether genuine issues of material fact remained as to whether the use of the drainage tile in question was permissive.

 IV. Whether the trial court erred in finding the existence of a prescriptive easement where there was no showing that the claimant had paid the necessary taxes on the easement.

We affirm.

William J. Larch and DMB Agricorp, Inc. (collectively, "DMB") brought this suit against Ruth Larch, Edward E. Larch, and Velma J. Barrett (collectively, "Barrett") to quiet title with respect to an alleged prescriptive easement to a drainage tile connection on Barrett's adjoining tract of land. The trial court granted DMB's motion for partial summary judgment, finding that DMB had acquired a prescriptive easement to the tile. Barrett appeals.

In reviewing the grant or denial of a motion for summary judgment, the appellate court applies the same standard as the trial court. *Kopec v. Memorial Hospital of South Bend* (1990), Ind.App., 557 N.E.2d 1367, 1368, *transfer pending.* Summary judgment is proper only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Indiana Rules of Procedure, Trial Rule 56(C). All facts and inferences to be drawn therefrom are viewed in the light most favorable to the nonmoving party, and all doubts as to the existence of a material issue must be resolved against the movant. *Kopec, supra.*

## I. *The Gaskill Deposition*

Barrett contends that the trial court erroneously considered the deposition of John F. Gaskill in ruling on DMB's motion for summary judgment for two reasons. Barrett first argues that summary judgment was improper because the Gaskill deposition was not published. Barrett correctly notes that until a deposition has been published by order of the trial court upon the motion of either party, it may not be considered by the trial court in ruling upon a motion for summary judgment. *Holloway v. Giganti, Inc.* (1989), Ind.App., 540 N.E.2d 97, 98, *rehearing denied.*

When DMB filed its motion for partial summary judgment, it also filed a motion to publish the deposition of John F. Gaskill, the laborer who spliced the DMB tile into the Barrett tile in 1947. Barrett filed a Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment, and contemporaneously therewith moved to publish the depositions of Ruth Larch, Edward E. Larch, William J. Larch and Velma J. Barrett. In an order entered on March

21, 1989, the trial court stated "And now, on Motion of Defendants, Depositions are published and made of record in these proceedings." Record, p. 87. The record does not reveal any other order granting DMB's motion to publish.

Barrett argues that the reference to their motion indicates that the order only had the effect of publishing the depositions of the parties, not that of John Gaskill. DMB replies that notwithstanding the reference to Barrett's motion, the trial court clearly intended to publish all depositions, including Gaskill's.

 In construing orders, we consider the record as a whole, and where conflicts in the record cannot be harmonized, we adopt that construction which is just under all the circumstances, giving due reference to the place and character of the portion of the record where contradictory recitals appear. *Urbanational Development v. Shamrock Engineering* (1978), 175 Ind. App. 416, 372 N.E.2d 742, *transfer denied.* Here the record reveals that the trial judge, after accepting DMB's argument that Ruth Larch, Edward Larch, and Velma Barrett's deposition testimony should not be considered due to the Dead Man's Statute (see Issue II, *infra*), only broke the seal on the Gaskill deposition. Thus, the fact that the trial judge certainly was aware that depositions must be published to be considered, and the fact that the trial judge did consider the deposition of John Gaskill, indicate that he intended by his order to publish all depositions, including that of John Gaskill. We therefore find that the trial judge's March 21, 1989 order published the deposition of John Gaskill.

Barrett next points to Gaskill's age (84), the passage of time since the connecting of the tile in 1947, and several discrepancies in Gaskill's testimony, and argues that the trial judge erred in granting summary judgment, as summary judgment is not a proper vehicle for the resolution of questions of credibility. *Bell v. Northside Finance Corp.* (1983), Ind., 452 N.E.2d 951.

 The presence of a disputed fact does not necessarily render summary judgment improper where there is no conflict

regarding a fact which is dispositive of the litigation. *Lee v. Schroeder* (1988), Ind. App., 529 N.E.2d 349, 352, *transfer denied.* Similarly, a disputed fact must be material in order to preclude summary judgment. *Abex Corp. v. Vehling* (1983), Ind.App., 443 N.E.2d 1248, 1254, *rehearing denied.*

Barrett does not allege that Gaskill is incompetent to testify, but merely asserts that discrepancies render his testimony incredible. However, the discrepancies pointed out by Barrett all have to do with collateral issues. Gaskill's testimony is uncontradicted with respect to the relevant aspects of DMB's claim of a prescriptive easement—that he connected the tile, and that Barrett's predecessor in interest saw him make the connection. Thus, the discrepancies in Gaskill's deposition testimony did not create issues of fact precluding summary judgment.

II. *Depositions of the Defendants*

 Barrett next contends that the trial court erred in failing to consider the depositions of Ruth Larch, Velma Barrett, William Larch, and Edward Larch. The record indicates that none of the seals on those depositions were broken by the trial court. In support, Barrett notes that "it is axiomatic that the parties are entitled to have the factfinder consider all relevant and proper evidence which is tendered." *Hales & Hunter Co. v. Norfolk & W. Ry. Co.* (1981), Ind., 428 N.E.2d 1225, 1227.

Significantly, Barrett fails to point to any evidence contained in those depositions that is both "relevant and proper." The trial court sustained DMB's objection to large portions of Ruth, Velma, and Edward's depositions on the basis of the Dead Man's Statute, Indiana Code § 34–1–14–7. Barrett does not appeal this determination, but merely notes that the Dead Man's Statutes do not render a witness incompetent to testify to matters occurring after the decedent's death. *La Chance v. Ballard's Estate* (1939), 106 Ind.App. 397, 20 N.E.2d 201, 203. Thus, Barrett baldly asserts that there may have been some relevant and admissible evidence contained in the deposi-

tions which the trial judge failed to consider.

The transcript of the hearing on summary judgment indicates that both parties had the opportunity to argue the evidence in their briefs and at the hearing, and that the facts relevant to the dispute were resolved in the Gaskill deposition. Barrett did not identify any admissible evidence relevant to the establishment of a prescriptive easement which was contained in any of the depositions in question either in the trial court or here on appeal. In order to secure a reversal, a litigant on appeal must establish that any error committed by the trial court was prejudicial. *FMC Corp. v. Brown* (1990), Ind., 551 N.E.2d 444, 447. This Barrett has failed to do.

### III. *Permissive Use*

Barrett next argues that testimony contained in Gaskill's deposition raised an inference that the use was permissive, and therefore raised an issue of fact as to whether a prescriptive easement was established. In response, DMB points to Barrett's allegation in their counterclaim "[t]hat in 1947 the plaintiff, William J. Larch without right and without permission connected his field tile to the tile owned by the defendants' predecessors in interest...." Record, p. 28. DMB contends that this allegation constitutes a judicial admission conclusively establishing that the use was not permissive.

An individual seeking to acquire an easement by adverse use must show an actual, hostile, open, notorious, continuous, uninterrupted and adverse use for twenty (20) years under a claim of right, or such continuous, adverse use with knowledge and acquiescence of the owner. *Greenco, Inc. v. May* (1987), Ind.App., 506 N.E.2d 42, 45; IC 32-5-1-1. The presumption of a grant arises from proof of an uninterrupted adverse use for the requisite period; however, the presumption may be defeated by proof that the use was by permission. *Greenco, supra,* at 45-46.

Gaskill testified that Barrett's predecessor in interest was present at the time of the connection of the tile, saw the connection being made, and did not object. Bar-

rett's assertion that this testimony raised an inference that the use of the tile was permissive is without merit. Once open and continuous use of another's land commences with knowledge on the part of the owner, such use is presumed to be adverse to the owner. *Pugh v. Conway* (1973), 157 Ind.App. 44, 299 N.E.2d 214, 218. Barrett did not introduce any competent evidence to rebut this presumption, but instead alleged in the counterclaim that the use was *not* permissive. Thus, Gaskill's testimony did not raise an inference that the use was permissive; rather, it raised a presumption, which Barrett failed to rebut, that the use was adverse.

### IV. *Taxes*

Barrett finally contends that summary judgment was inappropriate because DMB failed to establish that it had paid taxes on the easement. Barrett cites Indiana Code § 32-1-20-1, which provides:

> After May 16, 1927, in any suit to establish title to lands or real estate no possession thereof shall be deemed adverse to the owner in such manner as to establish title or rights in and to such land or real estate unless such adverse possessor or claimant shall have paid and discharged all taxes and special assessments of every nature falling due on such land or real estate during the period he claims to have possessed the same adversely: provided, however, that nothing in this section shall relieve any adverse possessor or claimant from proving all the elements of title by adverse possession required by law as of May 16, 1927.

The language of the statute clearly limits it to suits for adverse possession to acquire title to land. We are not aware of any cases which have extended the requirement to suits to establish a prescriptive easement.

The trial court's entry of partial summary judgment for DMB is affirmed.

HOFFMAN, P.J., and GARRARD, J., concur.