## BOSS MANUFACTURING AND DISTRIBUTING, INC., Appellant–Plaintiff,

v.

## STEEL SUPPLIERS, INC., Appellee–Defendant.

No. 20A03-9703-CV-98.

Court of Appeals of Indiana.

Sept. 4, 1998.

David T. Stutsman, Douglas A. Mulvaney, Stutsman & Mulvaney, Elkhart, for Appellant–Plaintiff.

Timothy J. Walsh, Kalamaros & Associates, South Bend, for Appellee–Defendant.

## OPINION

HOFFMAN, Judge.

Appellant-plaintiff Boss Manufacturing and Distributing, Inc. (Boss Manufacturing) appeals from an action for breach of warranty against appellee-defendant Steel Suppliers, Inc. The facts relevant to this appeal are presented below.

Boss Manufacturing is an Indiana corporation engaged in the business of steel fabrication. Steel Suppliers is an Indiana corporation that supplies secondary steel to steel fabricators such as Boss Manufacturing. Boss Manufacturing contracted with Steel Suppliers for steel to be used in the fabrication of seat pedestals for recreational vehicles in March of 1988. In April of 1988, Boss Manufacturing received a shipment of steel from Steel Suppliers that had a high carbon content. High carbon steel is unsuitable for

use in seat pedestals, because when it is welded the steel crystallizes and becomes very brittle, unless special procedures are followed. Boss Manufacturing became aware of the problem with the steel when pedestals installed at a van conversion company started breaking.

On October 27, 1988, Boss Manufacturing filed suit against Steel Suppliers alleging breach of warranty and requesting damages. An amended complaint and request for a jury trial were filed on December 23, 1993. Subsequently, the parties filed a joint stipulation to waive trial by jury.

On September 25–26, 1995 and October 2–3, 1995, this case was submitted to the court for a bench trial. Prior to opening statements, both parties requested that 16 separate depositions be admitted into evidence. The judge agreed; however, the court ultimately failed to file mark the depositions. A number of the depositions also remained sealed. After taking the case under advisement, on September 25, 1996, the trial court entered its findings of fact and conclusions of law. Specifically, the court found that the shipments of high carbon content steel by Steel Suppliers breached both express and implied warranties. Hence, the court concluded that Boss Manufacturing was entitled to recover damages. Incidental damages, however, were limited to labor costs for inspection and replacement of the seat pedestals. The court further concluded that Boss Manufacturing had failed to sustain its burden of proving lost profits, as the sources of the damage calculations were too speculative, unreliable and not sufficiently credible; therefore, the court did not award Boss Manufacturing any consequential damages. Boss Manufacturing now appeals the final decision of the trial court.

One issue is dispositive of our review: whether the trial court erred in failing to consider various depositions in the evaluation of the evidence.

■ Fact-finding is a matter entrusted to the trial court. Whether assessed by a jury or a judge, the parties are entitled to have the fact-finder consider all relevant and proper evidence which is tendered. *See Hales & Hunter Co. v. Norfolk & W. Ry. Co.,* 428 N.E.2d 1225, 1227 (Ind.1981) (error to refuse to publish depositions);[1] *see also Campbell v. Criterion Group,* 613 N.E.2d 423, 429 (Ind.Ct.App.1993) (trial court does not have discretion to refuse to consider relevant evidence which is properly tendered and not repetitive), *reh'g granted,* 621 N.E.2d 342. Here, the parties submitted 11 depositions that are still sealed and unopened despite the fact that the parties and judge agreed to the admission of the depositions into evidence. There is no entry in the record showing that the trial court ever considered the evidence contained in the unopened depositions. The depositions were properly tendered and admitted into evidence; therefore, the trial court as the sole finder of fact was required to consider the evidence contained in the depositions prior to reaching its conclusion.

Steel Suppliers' reliance on *Campbell v. Criterion Group,* 613 N.E.2d 423 (Ind.Ct.App.1993), *reh'g granted,* 621 N.E.2d 342 (Ind.Ct.App.1993) and *Larch v. Larch,* 564 N.E.2d 313 (Ind.Ct.App.1990) for the proposition that Boss must first show prejudice, is misplaced. Both *Larch* and *Campbell* involved motions for summary judgment where the nonmovant has the burden of showing a genuine issue of material fact. Our supreme court has clearly held that this Court may not review the unopened depositions. *See, e.g., Hales & Hunter,* 428 N.E.2d 1225. Since the depositions were properly tendered and admitted by agreement of the parties and the trial court, it was an abuse of discretion to fail to consider the evidence therein.

The trial court's failure to review the depositions as part of its judgment was reversible error. Hence, this case is remanded to the trial court with instructions to vacate its judgment, publish and spread of record the depositions subject to the parties' stipulation, and in conjunction with the other evidence previously presented, consider the evidence

---

1. Although it is still the rule that depositions must be published before a trial court may consider them, under Ind. Trial Rule 5(D)(5) publication is now achieved by simply filing the depositions with the trial court.

contained in the unopened depositions in assessing the claims of the parties. *See id.*

Reversed and remanded.

STATON and GARRARD, JJ., concur.