# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### MARCH 19, 2002 SESSION

## MAURICE SCHWEGMAN, ET AL. v. SHELBY D. HOWARD, III, ET AL.

### Appeal from the Chancery Court for Davidson County
### No. 98-2340-I     Irvin H. Kilcrease, Jr., Chancellor

---

### No. M2001-00845-COA-R3-CV - Filed October 8, 2002

---

Maurice Schwegman filed a complaint alleging claims for breaches of fiduciary duty by appellees, Shelby D. Howard and Malcolm L. Greeno, in their capacity as shareholders with Schwegman in a closely held corporation, breaches of fiduciary duty by Howard and Greeno in their capacity as officers and directors of the closely held corporation, and for breach of contract between Howard and Schwegman with respect to the assignment of an interest in another closely held company. The chancellor granted the appellees' motion for summary judgment and dismissed the case. We reverse as to the breach of contract issue and affirm as to all other issues.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
### Affirmed in Part, Reversed and Remanded in Part

BUDDY D. PERRY, SP. J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., AND WILLIAM C. KOCH, JR., J., joined.

James A. Freeman, III, and John R. Callcott, Nashville, Tennessee, for the appellants Maurice Schwegman, et al.

Wallace W. Dietz and Henry L. Hipkens, Nashville, Tennessee, and Michael J. Rusnak, Stephen J. Peters, and David I. Rubin, Indianapolis, Indiana, for the appellees Shelby D. Howard, III, et al.

### OPINION

The question before the court is whether the Davidson County Chancery Court properly granted appellees-defendants', Shelby D. Howard ("Howard"), Malcolm L. Greeno ("Greeno"), ByAnda, LLC ("ByAnda"), and Central Tennessee Mack Sales & Service, Inc. ("Central Tennessee Mack") motion for summary judgment against the plaintiff, Maurice Schwegman ("Schwegman"). In granting the motion, the chancellor made several specific findings. The chancellor found that part of Schwegman's claims are barred by the statute of limitations, part of the claims are barred by equitable principles, and that the claim for usurpation of corporate opportunity is barred because the

corporation was financially unable to exercise the opportunity. As to these rulings, we sustain the chancellor and affirm the judgment.

Schwegman also claimed that Howard breached an assignment agreement. Finding that Schwegman offered no consideration for the contract and that Schwegman failed to comply with certain conditions precedent, the chancellor dismissed the claim. We disagree and remand this issue for further consideration.

## Procedural History

On August 3, 1998, Schwegman filed his verified complaint in the Chancery Court of Davidson County, seeking injunctive relief and other equitable remedies against Howard, Greeno, Rick Snellings, Johnny McBride, Central Tennessee Mack, Central Indiana Mack Sales and Services, Inc., and ByAnda. The case was removed to the United States District Court, Middle District of Tennessee, Nashville Division, but was later remanded to the Chancery Court of Davidson County. Following the remand of the action to the Davidson County Chancery Court, Rick Snellings, Johnny McBride, and Central Indiana Mack Sales & Service, Inc., filed a motion to dismiss for lack of personal jurisdiction, and Howard, Greeno, and Central Indiana Mack filed a motion to dismiss counts I through VI of the complaint on the grounds of *forum non- conveniens*. Because the court lacked personal jurisdiction over Snellings, McBride, and Central Indiana Mack Sales and Services, Inc., the chancellor granted their motion to dismiss. Pursuant to the doctrine of *forum non-conveniens*, the chancellor concluded that counts I through VI could be more conveniently tried in a court of competent jurisdiction in Indiana, and those counts were dismissed without prejudice.

After the dismissal, the two remaining causes of action involved an allegation by Schwegman that Howard and Greeno breached fiduciary duties, both as stockholders and directors of Central Tennessee Mack, by forming ByAnda and having ByAnda own the land upon which Central Tennessee Mack's facility was built, and by the alleged improper removal of Schwegman as president of Central Tennessee Mack. The remaining cause of action alleges that Howard agreed to assign a 10% share of ByAnda to Schwegman and breached the agreement.

## Factual Background

Schwegman had twenty years of management experience with Mack truck dealerships. When the opportunity to purchase a Mack truck dealership in the Nashville area arose, Howard and Greeno approached Schwegman and offered him the opportunity to be president of a newly formed corporation along with a percentage of stock. The ownership of the newly formed corporation, Central Tennessee Mack, was as follows: Howard 40%, Greeno 40%, and Schwegman 20%.

As a part of the arrangement for the dealership, the parties were required to build some new facilities for the operation of the dealership. The parties did not discuss the ownership of the new facilities, but it is apparent that Schwegman assumed that Central Tennessee Mack would own the new operating facilities.

Without Schwegman's knowledge, Greeno and Howard set up a limited liability investment company, ByAnda. Howard held a 50% interest in ByAnda and Greeno's daughters held a 25% interest each. Greeno insists that ByAnda was set up for estate planning purposes.

The property for the operation of the dealership was located in the Lavergne, Tennessee, area. Central Tennessee Mack did not have the funds to purchase the property nor the ability to purchase

the property without the personal guarantee of the parties. Greeno wrote a check to Central Tennessee Mack for the purchase of the land and noted on the check that it was a loan. Greeno claims that the check was given to Central Tennessee Mack, but the intention was for the property to be owned by ByAnda. Without Schwegman's knowledge, the land in question was transferred by Quit Claim Deed from Central Tennessee Mack to ByAnda.

After he learned that the land and operating facilities would be owned by ByAnda, Schwegman confronted Greeno and Howard. Schwegman believed that he was entitled to a 20% interest in ByAnda. Believing that he was going to get an interest in ByAnda, Schwegman assisted ByAnda in the loan application process for the building of the operating facilities. Howard did agree to assign 10% of his interest in ByAnda to Schwegman, and this assignment is the subject of the breach of contract action alleged in the complaint.

## Standard of Review

Rule 56.04 of the Tennessee Rules of Civil Procedure provides that summary judgment is appropriate and should be granted if:

> The pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The party seeking summary judgment has the burden of establishing that no material factual issues exist, and the moving party is entitled to a judgment as a matter of law. *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993). Trial courts are required to review the evidence in the light most favorable to the nonmoving party and must draw all reasonable inferences in favor of the nonmoving party. *Byrd*, 847 S.W.2d at 210-11.

Because the case comes to this court on purely a question of law, this court must conduct a de novo review with no presumption of correctness. *Sullivan v. Baptist Memorial Hospital*, 995 S.W.2d 569, 571 (Tenn. 1999)*; Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn. 1991).

## Statute of Limitations

None of the parties challenged the chancellor's choice of law rulings. Substantive issues in this dispute are governed by Indiana law, and the procedural matters are governed by Tennessee law. *See State* v. *Early*, 934 S.W.2d 655, 657 (Tenn. Ct. App. 1996). Statute of limitations is considered procedural issue. *Cronin v. Howe*, 906 S.W.2d 910, 913-14 (Tenn. 1995). Therefore, the one year statute of limitations imposed by T.C.A. §48-18-601(2000) is applicable. See *Mike v. PO Group, Inc.*, 937 S.W.2d 790, 792-93 (Tenn. 1996).

The core of the controversy in this case centers on the transfer of the real estate from Central Tennessee Mack to ByAnda.

Schwegman contends that he was enticed to move to Davidson County to operate the Mack truck business in return for an offer of 20% interest in Central Tennessee Mack and the opportunity to be the company's president. He contends that a central and vital part of Central Tennessee Mack was the ownership of the land and facilities. The land in question was transferred without Schwegman's

knowledge. He asserts that the land transfer constitutes "self dealing transactions" which breaches Greeno and Howard's fiduciary duties as directors. Schwegman admits that he learned of the transfer of the real estate from Central Tennessee Mack to ByAnda on or about June 13, 1997. The complaint was not filed until fourteen months later. Therefore, the chancellor found that Schwegman's cause of action for breach of fiduciary duties of the directors based on the real estate transfer was barred by the statute of limitations found in T.C.A. §48-18-601(2000).

Schwegman asserts that the appellees are estopped from asserting the statute of limitations. He argues that Howard repeatedly assured him that he would be given a proportionate share in the newly formed company, ByAnda. He asserts that his delay in filing suit was based solely on his reliance of the appellees' representations.

The appellees argue that the principle of estoppel does not apply in this case. They argue that in order for the principle to apply, one party must believe "that the other party is going to pay or otherwise satisfy the claim of the first party, and in reliance on that representation the first party delays in filing suit . . . ." See *Bernard v. Houston Ezell Corp.*, 968 S.W.2d 855, 862 (Tenn. Ct. App. 1997). They correctly argue that the action involved here is a derivative suit, and the rights belong to Central Tennessee Mack, not Schwegman. *See Dotlich v. Dotlich*, 475 N.E.2d 331, 339 (Ind. Ct. App. 1985).

Assuming *arguendo* that misleading statements were made to Schwegman, causing him to believe that he would receive a personal interest in ByAnda, his reliance upon these misleading statements cannot be used to extend the derivative cause of action belonging to Central Tennessee Mack. Thus, the parties are not estopped from asserting the statute of limitations.

Schwegman also asserts that Greeno and Howard breached their fiduciary duties as directors of Central Tennessee Mack by terminating him as president and replacing him with an inexperienced and unqualified family member. This count was brought within one year and is not barred by the statute of limitations. The dispositive issue is Schwegman's termination and not the hiring of his replacement. Schwegman acknowledges he was an employee at will. When employment is at will, employment is terminable at any time, with or without cause, by either party. *Orr v. Westminster Village North, Inc.*, 689 N.E.2d 712, 717 (Ind. 1997).

### Equitable Principles

The statute of limitations for breaches of fiduciary duties among joint shareholders is three years. See *Mike v. PO Group, Inc.,* 937 S.W.2d 790, 796 (Tenn. 1996). Although this action was brought within the three-year time period, the chancellor determined that Schwegman's claims were barred by equitable principles.

Schwegman asserts that the shares in Central Tennessee Mack have been diminished in value by the real estate transaction, and the transaction was detrimental to the corporation and a breach of Howard and Greeno's fiduciary duty. Schwegman seeks equitable relief.

Appellees insist that Schwegman acquiesced and participated in the same transactions about which he complains. They argue that established principles of equity require that "[h]e who seeks equity must do equity," *Willig v. Dowell*, 625 N.E.2d 476, 484 ( Ind. Ct. App. 1993), and that a party is estopped from contesting conduct when the party was silent or acquiesced to the conduct in the face of a duty of good faith to speak or act. *Kahf v. Charleston South Apartments*, 461 N.E.2d 723, 734 (Ind. Ct. App. 1984). They assert that "shareholders in a close corporation stand in a fiduciary relationship to each other." *Barth v. Barth*, 659 N.E.2d 559, 561 (Ind. 1995).

Schwegman argues that the doctrine of unclean hands is not applicable because he did not participate in the transfer of the property from Central Tennessee Mack to ByAnda. He asserts that for the doctrine of unclean hands to apply, his actions would have to be directly related to the real estate transfer. The appellees assert that Schwegman's hands are unclean, because he signed the guarantee application for ByAnda after he knew that the real estate had been transferred, and he failed to bring any suit on behalf of the corporation until he discovered that he would not be given an interest in ByAnda.

We agree with the chancellor's conclusion. Schwegman's concern was for himself and not Central Tennessee Mack. He is not in a position to seek equitable relief for the alleged breach of fiduciary obligations. Schwegman was willing to forget about the interest of Central Tennessee Mack, provided he was compensated.

## Usurpation of Corporate Opportunity

Schwegman's counsel argues that Central Tennessee Mack signed the purchase agreement for the property in question, paid the earnest money on the purchase contract from its account, and actually paid for the property from its account. He argues, therefore, that Central Tennessee Mack purchased the property, and the transfer of the property from Central Tennessee Mack to ByAnda was the usurpation of a business opportunity of Central Tennessee Mack.

Notwithstanding the foregoing, all of the parties agree that the key to purchasing the land and the financing of the construction was the personal guarantee and loan of Greeno. Schwegman simply contends that the loan guarantee should have been given to Central Tennessee Mack and not ByAnda.

We agree with the chancellor's finding that there was no corporate opportunity to be usurped. The "corporate opportunity doctrine" requires that, "'if there is presented to a corporate officer or director a business opportunity which the corporation is financially able to undertake . . . in the line of the corporation's business and is of practical advantage to it . . . the law will not permit [the director] to seize the opportunity for himself.'" *Kirtley v. McCelland,* 562 N.E.2d 27, 33 (Ind. Ct. App. 1990) (quoting *Guth v. Loft, Inc.*, 5 A.2d 503, 510-ll (Del. 1939)).

To sustain Schwegman's argument, the court would have to find that Greeno had an obligation to use his personal funds to guarantee the obligations of Central Tennessee Mack. Generally, a director of a corporation has no duty to use personal funds to guarantee the obligations of a corporation. *Urban J. Alexander Co. v. Trinkle,* 224 S.W.2d 923, 927, (Ky. 1949); *Hart v. Bell*, 23 N.W.2d 375, 382 (Minn. 1946); *Frank Lerner & Assoc., Inc. v. Vassy,* 599 N.E.2d 734, 738 (Ohio Ct. App. 1991). Greeno provided the money for the transaction, and the chancellor correctly found no usurpation of a corporate opportunity.

## Assignment of Interest in ByAnda

It appears that Schwegman is not concerned about which entity, either Central Tennessee Mack or ByAnda, owns the land and operating facilities as long as he has a 20% interest in the entity owning the facilities. Schwegman made his contentions clear to all the parties.

Schwegman was offered the opportunity to purchase 20% of ByAnda, if he paid 20% of the money to fund the loan of Greeno. Howard executed an assignment of 10% of his interest in ByAnda to Schwegman. At the same time Schwegman received the assignment, he received a copy

of ByAnda's operating agreement and a consent to membership by assignee of interest in ByAnda. Howard signed the consent to membership, but the other two members did not.

Howard insists that the claim for breach of the contract must fail because Schwegman offered no consideration for the contract and the contemporaneous document rule requires a construction of all writings which were submitted to Schwegman as a part of the transaction. Howard insists that the documents, when read together, establish a condition precedent to the agreement which was not fulfilled. The chancellor agreed with Howard's contention.

It is not disputed that mutual assent between the parties is necessary to form a contract, *Pinnacle Computer Service Inc., v. Ameritech Publishing, Inc.*, 642 N.E.2d 1011, 1013 (Ind. Ct. App. 1994) and "[t]he intent relevant in contract matters is not the parties' subjective intents but their outward manifestations of it." *Holloway v. Giganti, Inc.*, 540 N.E.2d 97, 99 (Ind. Ct. App. 1989). Howard insists that the contemporaneous documents rule is applicable to establish the parties' intentions.

The contemporaneous document rule requires that writings, which relate to the same transaction, even if they are executed at a different time, must be construed together to determine the contract. *Geico Ins. Co. v. Rowell,* 705 N.E.2d 476, 482 ( Ind. Ct. App. 1999). Howard insists that the contemporaneous documents rule requires that the assignment and the consent to membership be construed together. He argues that assent by the other members of ByAnda is a condition precedent which has not been completed. A condition precedent is a condition which must be performed before the agreement of the parties becomes binding, or a condition which must be fulfilled before the duty to perform an existing contract arises. *Barrington Management Co. v. Paul E. Draper Family Ltd. Partnership,* 695 N.E.2d 135, 141 (Ind. Ct. App. 1998).

Howard insists that, under Indiana law, an assignee of an interest in a limited liability company can become a member only if other members unanimously agree absent a provision in the operating agreement otherwise. Ind. Code. Ann. § 23-18-6-4(b)(2000). The operating agreement of ByAnda contained no provision dealing with the admission of new members. Therefore, Howard contends that unanimous consent of all members was required for Schwegman to receive an interest in ByAnda. Greeno's children never consented.

Simply stated, Howard is insisting  that a transfer of a 10% interest in ByAnda to Schwegman was conditioned upon the consent of the other members. Howard insists that Schwegman understood this condition.

Schwegman argues that the issue is one of assignment of shares rather than transfer of shares. He concedes that the other members of ByAnda would have to execute the consent for there to be a transfer of shares, but he contends no consent is required for an assignment of shares. Schwegman insists that Indiana law draws a substantive distinction between the assignment of shares and the transfer of shares in a limited liability company context. See Ind. Code Ann. § 23-18-6-1 and § 23-18-6-3. He argues that Ind. Code Ann. § 23-18-6-3(a)(1) allows an assignment in a limited liability company either in whole or part unless prohibited by the operating agreement. In the case of an assignment, the assignee would be entitled to "receive only the distributions to which the assignor would be normally entitled". Ind. Code Ann. § 23-18-6-3(b)(2). The assignor continues to be a member and exercise the rights of the member and such an assignment does not dissolve the limited liability corporation. Ind. Code Ann. § 23-18-6-3(b)(4)and (3).

-6-

Howard further insists that there was no consideration for the assignment of shares and that Schwegman, by judicial admission, conceded the lack of consideration. Schwegman argues that Indiana courts are generally hesitant to inquire into the adequacy of consideration. See *Bernstein v. Glavin* 725 N.E.2d 455, 460-461 (Ind. Ct. App. 2000). Schwegman also asserts that this is especially true where consideration of indeterminate value is agreed upon by the parties. *Harrison-Floyd Farm Bureau Coop. v. Reed*, 546 N.E.2d 855, 857 (Ind. App.1989).

We find that the Indiana courts would not have inquired into the adequacy of the consideration given the facts of this case. Whether the agreement between Schwegman and Howard was an assignment of shares or a transfer of shares can only be determined after an evidentiary hearing. The contract was prepared by Howard and on a question of interpretation inference is against the drafter of the document. If the chancellor finds that Howard's position overcomes the inference or other relevant facts and that the consent of other members is required, then Howard prevails. However, the issue cannot be resolved on motion for summary judgment.

Finally, the appellees insist that the breach of contract claim is barred by the "mend the hold doctrine". See *National Home and Chain Company v. Robertson,* 161 N.E. 851 (Ind. Ct. App. 1928); *Governmental Inter-Insurance Exchange v. City of Angola,* 8 F.Supp.2d 1120 (N.D.Ind. 1998); *Harbor Insurance Company v. Continental Bank Corporation*, 922 F.2d 357 (7th Cir. 1990). "In *Habor*, Judge Posner explained that 'mend the hold doctrine' 'is the name of a common law doctrine that limits the right of a party to a contract suit to change his litigating position. In fact the phrase is a nineteenth century wrestling term, meaning to get a better grip (hold) on your opponent.' *Harbor*, 922 F.2d at 362." *Governmental Inter-Insurance Exchange,* 8 F. Supp. 2d at 1128.

Judge Posner says that the doctrine is a "cousin to judicial estoppel" and imposes on the parties to a contract a duty of good faith. *Harbor,* 922 F.2d at 357. Whether Howard has changed positions to the extent the court will find he violated a duty of good faith dealing, as required by the "mend to hold doctrine" can only be determined after a hearing. Whether there was an assignment or transfer agreement, supported by adequate consideration, can only be determined after a hearing on the merits. Therefore, we reverse and remand on the contract issue and affirm as to all other issues.

 

 

_____
BUDDY D. PERRY