David L. HOLLINGSWORTH,
Appellant–Plaintiff,

v.

KEY BENEFIT ADMINISTRATORS, INC., and Free Methodist Church of North America, Appellees–Defendants.

No. 82A05–9510–CV–383.

Court of Appeals of Indiana.

Dec. 12, 1995.

Rehearing Denied Feb. 9, 1996.

---

Steve Barber, Jeff Shoulders, Evansville, for appellant.

V. Samuel Laurin, III, George T. Patton, Jr., Bose McKinney & Evans, Indianapolis, for appellees.

## OPINION

BARTEAU, Judge.

David Hollingsworth brings an interlocutory appeal of the trial court grant of a Motion to Transfer for Improper Venue filed by the Defendants Key Benefit Administrators, Inc. (KBA) and the Free Methodist Church of North America (the church). We affirm.

### *FACTS*

The plaintiff-appellant Hollingsworth was an insurance agent for KBA. He wrote insurance policies for KBA and was paid on a commission basis. In 1990, the church appointed Hollingsworth as its insurance broker and agent of record for its group health insurance plan, and Hollingsworth placed the church's account with KBA. The corporate headquarters and principal place of business of both KBA and the church is in Marion County. The church has no office in Vanderburgh County. KBA has a branch office in Vanderburgh County staffed by one employee, but that office never had any responsibility for the church's group insurance plan. Hollingsworth worked out of his home in Vanderburgh County.

In 1994, Hollingsworth was terminated as agent and insurance broker for the church. He brought this action in Vanderburgh County, alleging the termination was an unlawful means to escape the payment of com-

missions he earned, and was in breach of his agreement with KBA. KBA and the church moved to transfer the complaint for improper venue, asserting that proper venue is in Marion County. The trial court ordered the action transferred to Marion County and Hollingsworth brought this appeal.

## DISCUSSION

Under Ind. Trial Rule 75, any case may be commenced in any county. Upon filing of a pleading or motion to dismiss for incorrect venue under T.R. 12(B)(3), however, the trial court must transfer the case to the county selected by the party which first files such motion or pleading if: 1) the court where the action was initially filed does not meet preferred venue requirements and 2) the county selected by the party which files the motion or pleading is a county of preferred venue. If the suit is initiated in a county of preferred venue, a transfer of venue will not be granted. *Conner Ins. Agency, Inc. v. Frericks* (1994), Ind.App., 634 N.E.2d 84, 85. If the county where the action is initially filed is not a county of preferred venue, the action may be transferred to a county of preferred venue under the criteria listed in T.R. 75(A)(1)–(9). T.R. 75(B); *Diesel Const. Co., Inc., v. Cotten* (1994), Ind.App., 634 N.E.2d 1351, 1352. Each county that meets the requirements of T.R. 75(A)(1)–(9) is a county of preferred venue. *Grove v. Thomas* (1983), Ind.App., 446 N.E.2d 641, 642.

While we have recently reviewed a number of trial court decisions on transfer of venue under T.R. 75(A), we have not set forth a standard of review. When a motion brought under T.R. 12(B)(3) and T.R. 75 is granted, the remedy is not to dismiss the case, but to transfer it to the court where it should have been brought initially. T.R. 75(B). As such, the trial court's grant or denial of the motion is an interlocutory order because it is one "made in the progress of the cause, requiring something to be done or observed, but, not determining the controversy." *Cirtin v. Cirtin* (1928), Ind., 199 Ind. 737, 739, 164 N.E. 493, 494. It is appealable under T.R. 75(E).

We generally review interlocutory orders under an abuse of discretion standard.

See, e.g., *Bellmore v. State* (1992), Ind., 602 N.E.2d 111, *reh'g denied* (motion for change of venue under T.R. 76); *Duncan v. Rogers* (1983), Ind.App., 444 N.E.2d 1255 (motion based on *forum non conveniens* under T.R. 4.4(C)), and we find that standard appropriate for the review of the grant or denial of a T.R. 12(B)(3) motion based on improper venue under T.R. 75. An abuse of discretion may occur if the trial court's decision is "clearly against the logic and effect of the facts and circumstances before the court, or if the trial court has misinterpreted the law." *McCullough v. Archbold Ladder Co.* (1993), Ind., 605 N.E.2d 175, 180.

Hollingsworth asserts that Vanderburgh County is a county of preferred venue under T.R. 75(A)(4), which provides that preferred venue lies in "[t]he county where either the principal office of a defendant organization is located or the office or agency of a defendant organization or individual *to which the claim relates or out of which the claim arose* is located ..." (emphasis added). The principal office of both the church and KBA is located in Marion County. However, Hollingsworth contends Vanderburgh County is a county of preferred venue because his claim relates to or arose out of the work he did in Vanderburgh County as an agent for KBA and the church. So, we must determine whether plaintiff Hollingsworth's office was also an "office or agency of" defendants KBA and the church, and if so, whether Hollingsworth's claim relates to or arises out of that office or agency.

Hollingsworth argues that by virtue of his status as insurance agent and broker for KBA and the church, his home in Vanderburgh County must necessarily be an "office or agency" of KBA and the church. However, the language of T.R. 75, read as a whole, does not support Hollingsworth's interpretation of the terms "agent" and "office or agency" as synonymous for venue purposes. The term "agency" describes the relationship between a principal and an agent, *Hope Lutheran Church v. Chellew* (1984), Ind.App., 460 N.E.2d 1244, 1247, and under that interpretation Hollingsworth could be considered an "agency" of KBA and the church. How-

ever, "agency" may also refer to a place of business, or a relation other than representation of a principal. *Zehr v. Wardall* (1943), 6th. Cir., 134 F.2d 805, 808; *see also Shambe v. Delaware & H.R. Co.* (1927), 288 Pa. 240, 135 A. 755, 758 ("agency", in statute providing that a foreign corporation may be sued in any county where it has an agency, means branch office for the transaction of the corporation's business). In statutes providing for venue where the defendant has a "place of business, office or agency," the business must often be a "habitual" or "regular business," 92 C.J.S. *Venue* § 86 (1955). We believe this definition comports with the purpose of the venue provisions of T.R. 75(A).

It is the "general spirit and policy of many venue statutes to give the *defendant* the right to have the action tried in the county of his or her residence." *RJR Nabisco Holdings Corp. v. Dunn* (1994), Ind.App., 642 N.E.2d 538, *reh'g denied* (emphasis supplied). Interpreting the phrase "office or agency of a defendant organization" to include the county of residence of any *plaintiff* who had even a limited agency relationship with the defendant would be directly at odds with that policy, because it would give the plaintiff, and not the defendant, the right to have the action tried in the county of his or her residence. Even though Hollingsworth acted as insurance agent and broker for KBA and the church from his home office in Vanderburgh County, his office was not an "office or agency" of the church or KBA because it was not a "branch office" or other "place of business" where either defendant's business was transacted on a regular basis.

█ Even if Hollingsworth's office was an "office or agency" of the defendants, it was not an office or agency "to which the claim relates or out of which the claim arose" as required by T.R. 75(A)(4). Hollingsworth alleges breach of contract, interference with contract, unlawful rebate, and improper termination in order to avoid payment of commissions. We addressed the question of when a claim "relates to" or "arises out of" a particular office or agency in *Conner.* Frericks, whose principal place of business was in Allen County, sued Conner in the Allen Superior Court. Conner was located in Marion County, but the action arose out of an agreement between Frericks and Conner to jointly establish an insurance agency that would do business in Allen County. We held that the trial court properly denied Conner's motion to transfer venue from Allen County to Marion County because the combined agency, the "object of this dispute," 634 N.E.2d at 85, was located in Allen County. It was the product of the combined efforts of both the Conner agency and the Frericks agency. Thus, under T.R. 75(A)(4), it was an "office or agency of a defendant organization," and the combined agency was the agency "to which the claim relates or out of which the claim arose." *Id.* We also noted that the breach of which the plaintiff complained occurred when Conner allegedly violated its duty of good faith and fair dealing by using the Frericks agreement to "gain a foothold" in Northeast Indiana, after which it opened its own office in Allen County. *Id.*

Here, by contrast, an independent contractor agreement, and not a joint business enterprise, is the "object of the dispute." Causes of action based on contract are generally "transitory." *Burris v. Porter,* (1985), Ind.App., 477 N.E.2d 879, 881. The corporate decisions of which Hollingsworth complains—his termination and payment or nonpayment of commissions—were made in Marion County. The corporate actions were unrelated to the location of Hollingsworth's office, and the result of those actions would be the same regardless of where Hollingsworth maintained his office, evidencing the "transitory" nature of this contract and demonstrating that this cause of action did not arise out of, nor was it related to, Vanderburgh County. Nothing in the agreement concerns the Vanderburgh County office, and Hollingsworth's claim that the agreement was breached or interfered with in order to avoid payment of commissions does not in any way "arise out of" the Vanderburgh County office. Vanderburgh County is not a county of preferred venue under T.R. 75(A)(4).

Marion County is a county of preferred venue. Under T.R. 75(A)(4), preferred venue lies in the county where "the principal office of a defendant organization is located."

The principal office of both defendants is located in Marion County, and the trial court did not abuse its discretion when it transferred venue there.

The trial court order transferring venue to Marion County is AFFIRMED.

RUCKER and FRIEDLANDER, JJ., concur.