Robert G. GUZZO, David J. Guzzo, and Betty Jo Keller, Appellants–Defendants,

v.

GOODRICH QUALITY THEATERS, INC., a Michigan Corporation, Appellee–Plaintiff.

No. 45A05–9608–CV–334.

Court of Appeals of Indiana.

April 29, 1997.

Rehearing Denied July 8, 1997.

Robert R. Faulkner, Shively & Kent, Evansville, for Appellants–Defendants.

Michael D. Sears, Patrick B. McEuen, Singleton Crist Patterson & Austgen, Munster, for Appellee–Plaintiff.

## OPINION

SHARPNACK, Chief Judge.

Robert Guzzo, David Guzzo, and Betty Jo Keller (collectively the "appellants") appeal the denial of their motion for change of venue in the suit filed against them by Goodrich Quality Theaters, Inc. (the "appellee"). The dispositive issue for our review is whether the trial court properly found that Lake County constituted a county of preferred venue under Ind. Trial Rule 75. We affirm.

The facts are not in dispute for purposes of the issue on appeal. The appellants own a parcel of real estate (the "real estate") in Lake County. In September of 1995, the appellants executed a purchase agreement with the appellee for the sale of the real estate. The appellants later failed to perform under the contract.

On April 30, 1996, the appellee filed a complaint in Lake County which included claims for breach of warranty and representations, indemnification, and specific performance. On June 3, 1996, the appellants filed a motion to dismiss pursuant to T.R. 12(B)(3) based on incorrect venue, or, in the alternative, to transfer the cause to the Vanderburgh Superior Court pursuant to T.R. 75.

The majority of the appellants reside in Vanderburgh County. The trial court later found that preferred venue for the matter was in either Lake County or Vanderburgh County and, therefore, that the claim was properly filed in Lake County. The appellants now appeal the trial court's order.

The dispositive issue for our review is whether the trial court properly found that Lake County satisfied preferred venue requirements. Pursuant to T.R. 75, a case may be commenced in any county. However, upon the filing of a pleading or motion to dismiss for incorrect venue under T.R. 12(B)(3), the trial court must transfer the case to the county selected by the party which first files such a motion or pleading if: 1) the court where the action was initially filed does not meet preferred venue requirements, and 2) the county selected by the party which filed the motion or pleading is a county of preferred venue. *Hollingsworth v. Key Benefit Adm'rs, Inc.,* 658 N.E.2d 653, 655 (Ind.Ct.App.1995), *reh'g denied, trans. denied.* If the suit is initiated in a county of preferred venue, a transfer of venue will not be granted. *Id.* Each venue that meets the requirements of T.R. 75(A)(1)-(9) is a county of preferred venue. *Id.* When a motion brought under T.R. (B)(3) and T.R. 75 is granted, the remedy is not to dismiss the case, but rather to transfer it to the court where it should have been brought initially. T.R. 75(B).

In *Hollingsworth,* we clarified the standard of review for the disposition of a T.R. 12(B)(3) motion. *See id.* We noted that the trial court's decision on a motion such as this is an interlocutory order subject to review under an abuse of discretion standard. *Id.; see Bellmore v. State,* 602 N.E.2d 111 (Ind.1992), *reh'g denied.* An abuse of discretion occurs if the trial court's decision is "clearly against the logic and effect of the facts and circumstances before the court, or if the trial court has misinterpreted the law." *Hollingsworth,* 658 N.E.2d at 655 (quoting *McCullough v. Archbold Ladder Co.,* 605 N.E.2d 175, 180 (Ind.1993)).

The appellants assert that Lake County is not a county of preferred venue under T.R.

75(A)(2). According to this section, a county of preferred venue lies in:

"the county where the land or some part thereof is located ... if the complaint includes a claim for injuries thereto or *relating to such land* ... including without limitation claims for recovery of possession or for injuries, to establish use or control, to quiet title or *determine any interest,* to avoid or set aside conveyances, to foreclose liens, to partition and *to assert any matters for which in rem relief is or would be proper ...*"

T.R. 75(A)(2) (emphasis added). The appellants claim that this action does not relate to the land and, therefore, that it should not have been filed in Lake County. Specifically, the appellants argue that all of the theories alleged in the complaint are contractual in nature and that the action is transitory such that preferred venue should be where the majority of defendant's reside. However, the language of T.R. 75, read as a whole, and the recent case law interpreting T.R. 75(A)(2) do not support the appellant's interpretation of the term "relating to." T.R. 75(A)(2).

We recently examined T.R. 75(A)(2) and interpreted its language in *Diesel Construction Co. v. Cotten,* 634 N.E.2d 1351 (Ind. Ct.App.1994). In *Diesel,* we noted that T.R. 75(A)(2) places venue in the county where the land is located if there is a claim for injuries to the land or if there is a claim relating to the land. *Id.* at 1353. We further noted that the examples listed in the rule reflect that claims may be related to the land and not necessarily be for injuries to the land. *Id.* We stated that we "agree with [a] broad interpretation of T.R. 75(A)(2) that where a complaint alleges a claim related to land, preferred venue lies in the county where the land is located." *Id.* at 1354.

In addition, we set forth a test for the trial court to consider when determining whether a claim relates to the land under T.R. 75(A)(2). *Id.* at 1354. Under this test, the trial court must determine whether a sufficient nexus exists between the land and the underlying action. *Id.* In making this determination, the trial court should consider such factors as whether the acts giving rise to liability occurred there and whether exam-

ination of the site may be necessary to resolve the dispute. *Id.* It is proper to consider the reasonableness of the place of trial and the convenience to the parties and witnesses as well. *Id.* In applying those factors to the facts in that case, we concluded that the complaint was inadequate to determine whether the claims related to the land under T.R. 75(A)(2). *Id.* We noted, however, that if the trial court found that the claims concerned only a question of debt, the nexus to the land would be too remote to meet T.R. 75(A)(2). *Id.*

 Considering the facts before us, we conclude that Lake County is a preferred venue because the appellee's claim sufficiently relates to the land to satisfy the requirement of T.R. 75(A)(2). We agree with the rationale of the *Diesel* decision that had the claim concerned only a question of debt, the relationship to the land would be too remote. The only determination to be made would have been the amount of money owed to the injured party. However, this action does not concern merely a question of debt. Rather, the complaint includes a claim for specific performance, which directly "relates" to the land because ownership of the land is at issue. If the appellee prevails on its claim, the land would be conveyed to the proper party. This potential for conveyance causes the relief to be in rem.[1] The appellee wants the property, not merely monetary damages. Thus, this type of claim is designed to "determine any interest" in the land for which in rem relief would be proper as required by T.R. 75(A)(2). Therefore, we find that the requirements of T.R. 75(A)(2) have been satisfied and that Lake County is a county of preferred venue. Accordingly, the trial court did not err in denying the appellants' motion.[2]

As a separate matter, the appellee claims that it is entitled to appellate attorney fees. The appellee asserts that the appellants erro-neously relied upon *Burris v. Porter,* 477 N.E.2d 879 (Ind.Ct.App.1985), a case expressly rejected by *Diesel,* 634 N.E.2d at 1354, without disclosing that the case had been rejected. In addition, the appellee claims that the appellants mischaracterized the holding of *Diesel.* The appellee also claims that the appellants ignored the plain language of the trial rule and blatantly disregarded the appellee's main argument.

 An award of damages under Ind. Appellate Rule 15(G) is discretionary and may be ordered when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness or purpose of delay. *Hyundai Motor Co. v. Stamper,* 651 N.E.2d 803, 810 (Ind.Ct.App.1995). However, our supreme court has cautioned that attorney fees should be awarded only when the contentions on appeal are utterly devoid of all plausibility so as not to chill an attorney's pursuit of novel theories or remedies. *Id.* Although the appellants did rely almost exclusively on *Burris* which has been expressly rejected by later cases without disclosing the negative subsequent history to this court, we do not believe the appellants' arguments contained in their brief are "utterly devoid of plausibility." *See id.* Therefore, we decline the appellee's request to award appellate fees.

For the foregoing reasons, we affirm the order of the trial court.

AFFIRMED.

BARTEAU and RUCKER, JJ., concur.

---

1. Black's Law Dictionary defines "in rem" in part as follows, " '[i]n rem' proceedings encompass any action against person in which essential purpose of suit is to determine title to or to affect interests in specific property located within territory over which court has jurisdiction." Black's Law Dictionary, p. 544 (West 1991).

2. The appellants also claim that they are entitled to costs and fees pursuant to T.R. 75(C) because the case should have been transferred to Vanderburgh County. However, in light of our conclusion that Lake County was a proper venue, the appellants are not entitled to costs and fees under T.R. 75(C).