STATE of Indiana, ex rel. INDIANA STATE BOARD OF TAX COMMISSIONERS, et al., Appellants–Defendants,

v.

INDIANA CHAMBER OF COMMERCE, INC., et al., Appellees–Plaintiffs.

No. 02A04–9807–CV–337.

Court of Appeals of Indiana.

April 27, 1999.

---

Jeffrey Modisett, Attorney General of Indiana, A. Scott Chinn, Geoffrey Slaughter, Special Counsels to the Attorney General, Indianapolis, Indiana, Attorneys for Appellants.

William T. Hopkins, Jr., Karen A. Festa, Barnes & Thornburg, Fort Wayne, Indiana, Terry Dawson, Barnes & Thornburg, Indianapolis, Indiana, Attorneys for Appellees.

## OPINION

BAILEY, Judge

### Case Summary

Appellants–Defendants Indiana State Board of Tax Commissioners, Frank Sabatine, Gorden E. McIntyre, and Wanda K. Watts, in their respective capacities as Chairman and Commissioners of the Indiana State Board of Tax Commissioners, Frank O'Bannon, as Governor of the State of Indiana, and Jeffrey A. Modisett, as Attorney General of the State of Indiana ("State") appeal the determination by the Allen Circuit Court that the State Board of Tax Commissioners lacked the authority to promulgate, and lacks the authority to enforce, Ind. Admin. Code tit. 50, r. 11–2 to the extent that these regulations conflict with the authority of local common wage committees to establish common construction wages pursuant to IND. CODE § 5–16–7. We reverse and remand with instructions that the venue be transferred to Marion County.

### Issue

The dispositive issue may be restated as whether the trial court abused its discretion by denying the State's motion to transfer venue to Marion County.

### Facts/Procedural History

The dispositive facts reveal that the present lawsuit was initiated in the Allen Circuit Court by Appellees–Plaintiffs Indiana Chamber of Commerce, Inc. ("ICC"), Associated Builders and Contractors Indiana Chapter ("ABC"), and Guy Beerbower, Taxpayer ("Taxpayer"). (R. 13). ICC and ABC are both Indiana not-for-profit corporations whose principal offices are located in Marion County. (R. 14). Taxpayer "is a resident of Allen County and owns real property in Allen County on which he pays taxes. [Taxpayer] has farmed real estate in Allen County since 1939 and presently resides in Grabill, Indiana." (R. 14). Plaintiffs requested a preliminary injunction against the State pro-

hibiting it from enforcing Ind. Admin. Code tit. 50, r. 11. (R. 21).

The Indiana Manufacturers Association, Inc. ("IMA") was permitted to intervene in the action. (R. 53). IMA "is a trade association representing approximately 2000 manufacturing companies within the state of Indiana and pays real estate taxes for the office space it utilizes in Indiana. As a result, the [IMA] is interested in the issues in front of the Court...." (R. 50). Nowhere do plaintiffs assert that venue in Allen County may be predicated upon the joinder of IMA.

The State filed a pleading requesting that venue be transferred to Marion County pursuant to Ind. Trial Rules 12(B)(3), 21(B), and 75(A). (R. 61, 63). In its pleading, the State asserted that Taxpayer lacked standing and therefore, Allen County was not a county of preferred venue. (R. 62).

The trial court held a hearing on the pending preliminary injunction motion as well as the matters raised in the State's pleading. (R. 237). The trial court denied the State's motion to transfer venue and granted, in part, the requested preliminary injunction against the State. (R. 237–38). This appeal ensued.

### Discussion and Decision

Plaintiffs claim that Allen County is a County of Preferred Venue under T.R. 75(A)(5) which provides that a lawsuit may be initiated in:

> the county where either one or more individual *plaintiffs* reside ... if one or more *governmental organizations* are included as defendants in the complaint.

(emphasis added). Plaintiffs argue that because Taxpayer, a resident of Allen County, has been joined as a plaintiff in the action, Allen County is a county of preferred venue under T.R. 75(A)(5).

The State counters that Taxpayer lacks standing to engage in the present litigation, and therefore, the joinder of Taxpayer to effect venue in Allen County was improper. We agree with the State.

### A. Standard of Review—Denial of Motion for Transfer to County of Preferred Venue

A plaintiff may elect to bring suit in any county of preferred venue as per the criteria listed in T.R. 75(A)(1)-(9). *Storey Oil Company, Inc. v. American States Insurance Co.*, 622 N.E.2d 232, 235 (Ind.Ct.App. 1993). If suit is brought in a county of preferred venue, a transfer of venue under T.R. 75 will not be granted. *Humphrey v. Christopher*, 692 N.E.2d 932, 934 (Ind.Ct. App.1998). However, as stated in *Hollingsworth v. Key Benefit Administrators, Inc.*, 658 N.E.2d 653, 655 (Ind.Ct.App.1995), *trans. denied:*

> Under Ind. Trial Rule 75, any case may be commenced in any county. Upon filing of a pleading or motion to dismiss for incorrect venue under T.R. 12(B)(3), however, the trial court must transfer the case to the county selected by the party which first files such motion or pleading if: 1) the court where the action was initially filed does not meet preferred venue requirements and 2) the county selected by the party which files the motion or pleading is a county of preferred venue..... While we have recently reviewed a number of trial court decisions on transfer of venue under T.R. 75(A), we have not set forth a standard of review. When a motion brought under T.R. 12(B)(3) and T.R. 75 is granted, the remedy is not to dismiss the case, but to transfer it to the court where it should have been brought initially. As such, the trial court's grant or denial of the motion is an interlocutory order because it is one 'made in the progress of the cause, requiring something to be done or observed, but, not determining the controversy.' ... We generally review interlocutory orders under an abuse of discretion standard ... and we find that standard appropriate for the review of the grant or denial of a T.R. 12(B)(3) motion based on improper venue under T.R. 75. An abuse of discretion may occur if the trial court's decision is 'clearly against the logic and effect of the facts and circumstances before the court, or if the trial court has misinterpreted the law.'

(citations omitted). It is the general spirit and policy of the rules governing venue to give the defendant the right to have the action tried in the county of his or her residence. *Id.* at 656. The *Hollingsworth* court held that the trial court did not abuse its discretion by transferring venue from the county where plaintiff had worked in the branch office of one of the defendants to the county where the principal offices of both defendants were located. *Id.* at 657.

### B. The Doctrine of Standing—Taxpayer Challenges to Constitutionality of State Action

■■■■ As stated in *Pence v. State,* 652 N.E.2d 486, 488 (Ind.1995):

A case such as this challenging the constitutional validity of a statute, casts a higher and more difficult burden upon the court and litigants. The merits of such constitutional claims are preceded in court by the threshold question of standing. Standing is similar to, though not identical with, the real party in interest requirement of Trial Rule 17. Ind.Trial Rule 17(A). The point of both requirements is to insure that the party before the court has a substantive right to enforce the claim that is being made in the litigation.

The only interest which appellants allege is as citizens, except that appellant Pence also claims standing as a taxpayer. Historically, this Court has been more sympathetic to such claims than our counterparts in the federal system. Nevertheless, the standing requirement remains an essential initial element in litigation of this type, serving as an important check on the exercise of judicial power by Indiana courts.

Standing is a key component in maintaining our state constitutional scheme of separation of powers. *See* Ind. Const. art. III, § 1. 'The standing requirement is a limit on the court's jurisdiction which restrains the judiciary to resolving real controversies in which the complaining party has a demonstrable injury.' That a particular statute is invalid is almost never a sufficient rationale for judicial intervention; the party challenging the law must show adequate injury or the immediate danger of sustaining some injury.

The standing requirement mandates that courts act in real cases, and eschew action when called upon to engage only in abstract speculation. An actual dispute involving those harmed is what confers jurisdiction upon the judiciary:

For the disposition of cases and controversies, the Court requires adverse parties before it. Standing focuses generally upon the question whether the complaining party is the proper person to invoke the Court's power. However, more fundamentally, standing is a restraint upon this Court's exercise of its jurisdiction in that *we cannot proceed where there is no demonstrable injury to the complainant before us.*

*City of Indianapolis v. Board of Tax Comm'rs,* 261 Ind. at 638, 308 N.E.2d [868] at 870 [emphasis added in *Pence* ]. Standing remains a significant restraint on the ability of Indiana courts to act, as it denies the courts any jurisdiction absent an actual injured party participating in the case.

Federal justiciability limits have no direct applicability here. Indeed, the Indiana Constitution has no 'case or controversy' requirement at all. However, our explicit separation of powers clause fulfills a similar function. While we do not permit overly formalistic interpretations of our separation of powers clause to impede substantial justice, the principle of separation of powers is as much a part of the Indiana Constitution as the principle of freedom of conscience. *See* Ind. Const. art. I, §§ 2–6.

Fortunately, no such weighty issues are presented by this case. While the availability of taxpayer or citizen standing may not be foreclosed in extreme circumstances, it is clear that such status will rarely be sufficient. For a private individual to invoke the exercise of judicial power, such person must ordinarily show that some direct injury has or will immediately be sustained. '[I]t is not sufficient that he has merely a general interest common to all members of the public.' *Terre Haute Gas Corp. v. Johnson* (1942), 221 Ind. 499, 505, 45 N.E.2d 484, 486. Appellant has failed to demonstrate any interest beyond

that of the general public. In this case, such a lack of standing negates court jurisdiction.

*Id.* at 487–88 (most citations omitted).

 The same result obtains in the present case. Taxpayer has not asserted any injury beyond that suffered by the general public. In fact, Taxpayer is alleged to have been a farmer for many years, and thus, it is not apparent that Taxpayer has had any specialized interest in the establishment of the common construction wages under IND. CODE § 5–16–7, a matter which primarily concerns the construction and building industries. Therefore, we must conclude that neither this court, nor the trial court, has jurisdiction to adjudicate Taxpayer's claim against the State.

### C. Misjoinder/Transfer of Venue under Ind. Trial Rule 21(B)

 Indiana Trial Rule 21(B) provides: The court may transfer the proceedings to the proper court if it determines that venue or authority of the court is dependent upon a claim ... which appears from the pleadings, or proves to be a sham or made in bad faith....

Although we do not conclude as a matter of law that Taxpayer's claim was a sham or made in bad faith,[1] we nevertheless hold that the effect of T.R. 21(B) will obtain under the present circumstances where venue over the entire case was predicated upon Taxpayer's claim—a claim over which the court lacked jurisdiction because Taxpayer lacked standing. Quite simply, we conclude that plaintiffs cannot predicate a claim of preferred venue in a county upon the joinder of a litigant who lacks standing to engage in the litigation. *See Moore–Mansfield Construction Co. v. Marion, Bluffton & Eastern Traction Co.,* 52 Ind.App. 548, 101 N.E. 15, 17–18 (1913) (plaintiff, who had a claim against a nonresident of a county, could not obtain jurisdiction over that nonresident by joining a resident of the county as a co-defendant where plaintiff had no cause of action against that co-defendant). Therefore, we conclude that the trial

court abused its discretion by denying the State's motion to transfer venue.

### Conclusion

Allen County is not a county of preferred venue under T.R. 75(A). Without question, Marion County, to which the State requested that the lawsuit be transferred, is a county of preferred venue under T.R. 75(A)(5). As the lawsuit was not filed in a county of preferred venue, and the complaining party requested transfer to a particular county of preferred venue, the case must be transferred to that county. *See Hollingsworth,* 658 N.E.2d at 655 (where an action is filed in a county of improper venue, it will be transferred to the county of preferred venue requested by the moving party). Accordingly, we reverse and remand with instructions that the trial court vacate all orders and judgments in this case and thereafter transfer venue to Marion County pursuant to T.R. 75(B) & (C).

Judgment reversed.

FRIEDLANDER, J., and STATON, J., concur.

---

1. However, upon remand, the State may litigate this question in the context of recovering its costs