

FILED

Dec 06 2016, 5:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Harry B. O'Donnell IV
Louisville, Kentucky

ATTORNEYS FOR APPELLEE

Tammy L. Ortman
Jennifer S. Ortman
Lewis & Kappes, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

L. Ray Yeager, and Phyllis L. Yeager,

*Appellants-Defendants,*

v.

Deutsche Bank National Trust Company, as Trustee of the Residential Asset Securitization Trust 2005-A1, Mortgage Pass-Through Certificates, Series 2005-A Under the Pooling and Servicing Agreement Dated March 1, 2005,

*Appellee-Plaintiff.*

December 6, 2016

Court of Appeals Case No. 22A04-1604-MF-727

Appeal from the Floyd Superior Court

The Honorable Susan L. Orth, Judge

Trial Court Cause No. 22D01-1201-MF-20

**Brown, Judge.**

[1] In this interlocutory appeal, L. Ray Yeager and Phyllis L. Yeager (collectively, the "Yeagers") appeal the trial court's provisional order for payment of mortgage, taxes, and insurance premiums (the "Provisional Order") in a foreclosure action. The Yeagers raise one issue which we revise and restate as whether the court abused its discretion by failing to conduct an inquiry into the Yeagers' ability to pay prior to issuing the Provisional Order. We reverse and remand.

## Facts and Procedural History

[2] On November 5, 2004, the Yeagers executed a promissory note (the "Note") in favor of First Bank, Inc. promising to make monthly principal and interest payments of $1,871.61, and a mortgage (the "Mortgage") granting a security interest in their residential real estate in Floyd County, Indiana (the "Real Estate") in favor of First Bank, Inc. and Mortgage Electronic Registration Systems, Inc. as nominee for First Bank. An assignment of Mortgage, dated July 13, 2011, and recorded on July 21, 2011, assigned the Mortgage to Deutsche Bank (the "Bank"). On January 30, 2012, the Bank filed a complaint for Foreclosure of Note and Mortgage alleging that the Yeagers defaulted on the Note for failure to make payment. A default judgment and decree of foreclosure was entered against the Yeagers on July 10, 2012.

[3] On February 21, 2014, the Bank filed a motion for leave to amend the entry of default judgment and decree of foreclosure to correct an error in the legal description of the Real Estate. On August 26, 2015, the Bank, with leave of the court, filed an amended complaint, which revised the legal description of the

Real Estate and identified additional necessary parties holding a record interest in the Real Estate. On October 9, 2015, the Yeagers filed an answer to the amended complaint.

[4] On March 4, 2016, the Bank filed a Motion For Payment of Mortgage, Taxes, and Insurance Premiums. In its motion, the Bank requested that the court issue a provisional order requiring the Yeagers to make payments in the amount of $1,871.61 on the Note and Mortgage and citing Ind. Code § 32-30-10.5-8.6.[1] The Bank's motion also requested that the court order the Yeagers to make property tax payments, to provide proof of payment of insurance premiums, and to provide proof of a hazard insurance policy. On March 8, 2016, the court issued a Provisional Order which granted the Bank's request, and ordered the Yeagers to pay $1,871.61 per month and to provide proof of payment of property taxes and proof of insurance. On March 18, 2016, pursuant to the Provisional Order, the Yeagers provided proof of payment of property taxes and proof of insurance. The Yeagers now appeal the court's Provisional Order.

### *Discussion*

[5] The issue is whether the trial court abused its discretion by failing to conduct an inquiry into the Yeagers' ability to pay prior to issuing the Provisional Order. We generally review interlocutory orders under an abuse of discretion standard. *In re Estate of Long*, 804 N.E.2d 1176, 1178 (Ind. Ct. App. 2004); *Hollingsworth v.*

---

[1] This section, as set forth more fully below, provides that a trial court may order a debtor to continue making monthly payments on the mortgage as set forth in the statute.

*Key Benefit Adm'rs, Inc.*, 658 N.E.2d 653, 655 (Ind. Ct. App. 1995), *reh'g denied*, *trans. denied*. "'An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the trial court has misinterpreted the law.'" *In re Estate of Long*, 804 N.E.2d at 1178 (quoting *Hollingsworth,* 658 N.E.2d at 655 (internal citation omitted)).

[6] The Yeagers argue that Ind. Code § 32-30-10.5-8.6, the Indiana Rules of Trial Procedure, Floyd County Local Rules, and principles of due process do not allow for the entry of an ex parte Provisional Order. They point out that, contrary to the Indiana Rules of Trial Procedure and Floyd County Local Rules, the Bank's motion was not accompanied with any notice of hearing, that, contrary to the Floyd County Local Rules, the trial court did not set a hearing on the matter nor did the Bank request one, the court issued the Provisional Order without providing the Yeagers time to respond to the Bank's motion, and the trial court did not modify the Bank's proposed order or explain its reasoning for not holding a hearing.

[7] The Bank argues that the Provisional Order did not require a hearing, that entry of the Provisional Order was "specifically authorized by statute," and that the court's issuance of the Provisional Order, without a hearing, is neither a due process violation nor an abuse of discretion. Appellee's Brief at 8. It maintains that the Provisional Order "did nothing more than direct such matters as permitted by statute," specifically, ordering the Yeagers to pay an amount that does not exceed their monthly obligation under the Note and Mortgage. *Id.* at

10. The Bank also asserts that neither the Indiana Rules of Trial Procedure nor the Floyd County Local Rules require a hearing prior to the entry of a provisional order under the statute. The Bank further contends that a hearing was not required to satisfy due process of law because "no protected interest is implicated," and the Yeagers failed to "identify injuries to person, property, or reputation" due to the Provisional Order. *Id.* at 13, 15. In reply, the Yeagers contend that the statute does not contain a provision which "'permits' or allows for consideration or entry of a provisional order under I.C. 32-30-10.5-8.6(b) <u>ex parte</u>," and that the court should have held a hearing on the Bank's motion. Appellant's Reply Brief at 9.

[8] Ind. Code § 32-30-10.5-8.6 provides in part:

> (a) This section applies to a mortgage foreclosure action that is filed after June 30, 2011.

> (b) During the pendency of an action to which this section applies, regardless of any stay that is issued by the court under section 8.5 of this chapter, if the debtor continues to occupy the dwelling that is the subject of the mortgage upon which the action is based, the court may issue a provisional order that requires the debtor to continue to make monthly payments with respect to the mortgage on which the action is based. The amount of the monthly payment:

>> (1) shall be determined by the court, which may base its determination on the debtor's ability to pay; and

>> (2) may not exceed the debtor's monthly obligation under the mortgage at the time the action is filed.

[9]     The record reveals that the court did not hold a hearing or otherwise conduct any inquiry on which to base its determination of the monthly payment prior to issuing the Provisional Order. Indeed, the court granted the Bank's motion before the Yeagers responded to it. The statute expressly provides that, in issuing a provisional order under subsection (b), "[t]he amount of the monthly payment . . . shall be determined by the court, which may base its determination on the debtor's ability to pay" and that the amount of the monthly payment "may not exceed the debtor's monthly obligation under the mortgage at the time the action is filed." While the statute does not expressly require a hearing, it is implicit that the court have the necessary information on which to base its determination, including the debtor's current financial information. The record contains no evidence of the Yeagers' current financial situation, such as earnings from any employment, income from other sources, or other assets. The Indiana legislature enacted Indiana Code §§ 32-30-10.5 to "avoid unnecessary foreclosures" and to facilitate "the modification of residential mortgages in appropriate circumstances." *Nationstar Mortg., LLC v. Curatolo*, 990 N.E.2d 491, 493-94 (Ind. Ct. App. 2013) (citing Ind. Code § 32-30-10.5-1(b)). Under these circumstances, we conclude that the trial court abused its discretion when it failed to hold a hearing or to otherwise obtain

information to determine the amount of the Yeagers' provisional monthly payment.[2]

## Conclusion

[10]  For the foregoing reasons we reverse and remand for further proceedings consistent with this decision.

[11]  Reversed and remanded.

Robb, J., concurs.

Mathias, J., dissents with opinion.

---

[2] Because we remand for a determination of the Yeagers' ability to pay based on Ind. Code § 32-30-10.5-8.6, we need not address the other arguments raised by the Yeagers.

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| L. Ray Yeager, and Phyllis L. Yeager, | Court of Appeals Case No. 22A04-1604-MF-727 |
| *Appellants-Defendants*, | |
| v. | |
| Deutsche Bank National Trust Company, as Trustee of the Residential Asset Securitization Trust 2005-A1, Mortgage Pass-Through Certificates, Series 2005-A Under the Pooling and Servicing Agreement Dated March 1, 2005, | |
| *Appellee-Plaintiff*. | |

**Mathias, Judge, dissenting.**

[12]   I respectfully dissent from the majority's conclusion that the trial court abused its discretion by ruling on the Bank's motion without a hearing.

[13]   The majority concludes that Indiana Code section 32-30-10.5-8.6 could be read to dispense with a hearing, but only if the trial court has before it "a debtor's

current financial information on which to base its determination of a debtor's monthly obligation." Slip op. at pp. 6-7. Because the trial court here did not have before it "information from which it could determine the Yeagers' ability to pay, such as their earnings from any employment, income from other sources, or other assets," the majority concludes that a hearing is required at which such evidence can be presented. *Id*. at p. 7.

[14] This, however, presumes that the trial court is *required* to consider the debtor's ability to pay. The language of section 32-30-10.5-8.6, however, imposes no such obligation. To be sure, the statute provides that amount of the monthly payment "shall" be determined by the trial court. However, it also clearly provides that the trial court "may base its determination on the debtor's ability to pay." I.C. § 32-30-10.5-8.6(b)(1). This is permissive, not mandatory, language. *United Rural Elec. Membership Corp. v. Indiana & Michigan Elec. Co.*, 549 N.E.2d 1019, 1022 n.9 (Ind. 1990).

[15] The only restriction on the trial court's discretion is contained in the following subsection, which provides that the monthly payment determined by the trial court "may not exceed the debtor's monthly obligation under the mortgage at the time the action is filed." *Id*. at § 8.6(b)(2).

[16] I, therefore, read the statute as stating that the trial court permissively "may" consider the debtor's ability to pay but is not required to do so, so long as the monthly payment determined by the trial court does not exceed the debtor's monthly mortgage obligation at issue.

[17] Here, the trial court determined that the monthly payment should be equal to the monthly mortgage obligation. This was within the trial court's discretion under the statute, and I see no reason to remand for a hearing to require the trial court to consider something, i.e., the debtor's ability to pay, which the controlling statute does not require the trial court to consider. Although it might be a better policy to require the trial court to consider the debtor's ability to pay, the statute does not require this, and I do not believe we are at liberty to engraft such a requirement onto the clear language of the statute.