BROWN, Judge.
[1] In this interlocutory appeal, L. Ray Yeager and Phyllis L. Yeager (collectively, the “Yeagers”) appeal the trial court’s pror visional order for payment of mortgage, taxes, and insurance premiums (the “Provisional Order”) in a foreclosure action. The Yeagers raise one issue which we revise and restate as whether the court abused its discretion by failing to conduct an inquiry into the Yeagers’ ability to pay prior to issuing the Provisional Order. We reverse and remand.

Facts and Procedural History

[2] On November 5, 2004, the Yeagers executed a promissory note (the “Note”) in favor of First Bank, Inc. promising to make monthly principal and interest payments of $1,871.61, and a mortgage (the “Mortgage”) granting a security interest in their residential real estate in Floyd County, Indiana (the “Real Estate”) in favor of First Bank, Inc. and Mortgage Electronic Registration Systems, Inc. as nominee for First Bank. An assignment of Mortgage, dated July 13, 2011, and recorded on July 21, 2011, assigned the Mortgage to Deutsche Bank (the “Bank”). On January 30, 2012, the Bank filed a complaint for Foreclosure of Note and Mortgage alleging that the Yeagers defaulted on the Note for failure to make payment. A default judgment and decree of foreclosure was entered against the Yeagers on July 10, 2012.
[3] On February 21, 2014, the Bank filed a motion for leave to amend the entry of default judgment and decree of foreclosure to correct an error in the legal description of the Real Estate. On August 26, 2016, the Bank, with leave of the court, filed an amended complaint, which revised the legal description of the Real Estate and identified additional necessary parties holding a record interest in the Real Estate. On October 9, 2015, the Yeagers filed an answer to the amended complaint.
[4] On March 4, 2016, the Bank filed a Motion For Payment of Mortgage, Taxes, arid Insurance Premiums. In its motion, the Bank requested that the court issue a provisional order requiring the Yeagers to make payments in the amount of $1,871.61 on the Note and Mortgage and citing Ind. Code § 32-30-10.5-8.6.[1] The Bank’s motion also requested that the court order the Yeagers to make property tax payments, to provide proof of payment of insurance premiums, and to provide proof of a hazard insurance policy. On March 8, 2016, the court issued a Provisional Order which granted the Bank’s request, and ordered the Yeagers to pay $1,871.61 per month and to provide proof of payment of property taxes and proof of insurance. On March 18, 2016, pursuant to the Provisional Order, the Yeagers provided proof of payment of property taxes and proof of insurance, The Yeagers now appeal the court’s Provisional Order.

Discussion

[5] The issue is whether the trial court abused its discretion by failing to conduct an inquiry into the Yeagers’ ability *910 to pay prior to issuing the Provisional Order. We generally review interlocutory orders under an abuse of discretion standard. In re Estate of Long, 804 N.E.2d 1176, 1178 (Ind.Ct.App.2004); Hollingsworth v. Key Benefit Adm’rs, Inc., 658 N.E.2d 653, 655 (Ind.Ct.App.1995), reh’g denied, trans. denied. “ ‘An abuse of discretion may occur if the trial court’s decision is clearly against the logic and effect of the facts and circumstances before the court, or if the trial court has misinterpreted the law.’” In re Estate of Long, 804 N.E.2d at 1178 (quoting Hollingsworth, 658 N.E.2d at 655 (internal citation omitted)).
[6] The Yeagers argue that Ind.Code § 32-30-10.5-8.6, the Indiana Rules of Trial Procedure, Floyd County Local Rules, and principles of due process do not allow for the entry of an ex parte Provisional Order. They point out that, contrary to the Indiana Rules of Trial Procedure and Floyd County Local Rules, the Bank’s motion was not accompanied with any notice of hearing, that, contrary to the Floyd County Local Rules, the trial court did not set a hearing on the matter nor did the Bank request one, the court issued the Provisional Order without providing the Yeagers time to respond to the Bank’s motion, and the trial court did not modify the Bank’s proposed order or explain its reasoning for not holding a hearing.
[7] The Bank argues that the Provisional Order did not require a hearing, that entry of the Provisional Order was “specifically authorized by statute,” and that the court’s issuance of the Provisional Order, without a hearing, is neither a due process violation nor an abuse of discretion. Appellee’s Brief at 8. It maintains that the Provisional Order “did nothing more than direct such matters as permitted by statute,” specifically, ordering the Yeagers to pay an amount that does not exceed their monthly obligation under the Note and Mortgage. Id. at 10. The Bank also asserts that neither the Indiana Rules of Trial Procedure nor the Floyd County Focal Rules require a hearing prior to the entry of a provisional order under the statute. The Bank further contends that a hearing was not required to satisfy due process of law because “no protected interest is implicated,” and the Yeagers failed to “identify injuries to person, property, or reputation” due to the Provisional Order. Id. at 13, 15. In reply, the Yeagers contend that the statute does not contain a provision which “ ‘permits’ or allows for consideration or entry of a provisional order under I.C. 32-30-10.5-8.6(b) ex parte,” and that the court should have held a hearing on the Bank’s motion. Appellant’s Reply Brief at 9.
[8] Ind.Code § 32-30-10.5-8.6 provides in part:
(a) This section applies to a mortgage foreclosure action that is filed after June 30, 2011.
(b) During the pendency of an action to which this section applies, regardless of any stay that is issued by the court under section 8.5 of this chapter, if the debtor continues to occupy the dwelling that is the subject of the mortgage upon which the action is based, the court may issue a provisional order that requires the debtor to continue to make monthly payments with respect to the mortgage on which the action is based. The amount of the monthly payment:
(1) shall be determined by the court, which may base its determination on the debtor’s ability to pay; and
(2) may not exceed the debtor’s monthly obligation under the mortgage at the time the action is filed.
[9] The record reveals that the court did not hold a hearing or otherwise conduct any inquiry on which to base its de- *911 temination of the monthly payment prior to issuing the Provisional Order. Indeed, the court granted the Bank’s motion before the Yeagers responded to it. The statute expressly provides that, in issuing a provisional order under subsection (b), “[t]he amount of the monthly payment ... shall be determined by the court, which may base its determination on the debtor’s ability to pay” and that the amount of the monthly payment “may not exceed the debtor’s monthly obligation under the mortgage at the time the action is filed.” While the statute does not expressly require a hearing, it is implicit that the court have the necessary information on which to base its determination, including the debtor’s current financial information. The record contains no evidence of the Yeagers’ current financial situation, such as earnings from any employment, income from other sources, or other assets. The Indiana legislature enacted Indiana Code §§ 32-30-10.5 to “avoid unnecessary foreclosures” and to facilitate “the modification of residential mortgages in appropriate circumstances.” Nationstar Mortg., LLC v. Curatolo, 990 N.E.2d 491, 493-94 (Ind.Ct.App.2013) (citing Ind.Code § 32-30-10.5-1(b)). Under these circumstances, we conclude that the trial court abused its discretion when it failed to hold a hearing or to otherwise obtain information to determine the amount of the Yeagers’ provisional monthly payment.[2]

Conclusion

[10] For the foregoing reasons we reverse and remand for further proceedings consistent with this decision.
[11] Reversed and remanded.
ROBB, J., concurs.
MATHIAS, J., dissents with opinion.

. This section, as set forth more fully below, provides that a trial court may order a debtor to continue making monthly payments on the mortgage as set forth in the statute.

. Because we remand for a determination of the Yeagers’ ability to pay based on Ind.Code § 32-30-10.5-8.6, we need not address the other arguments raised by the Yeagers.