## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 17 2020, 9:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

James E. Ayers
Wernle, Ristine & Ayers, L.P.C.
Crawfordsville, Indiana

ATTORNEY FOR APPELLEE

Leanna K. Weissmann
Lawrenceburg, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James E. Ayers and
Wernle, Ristine & Ayers, L.P.C.,

*Appellants/Cross-Appellees-Plaintiffs,*

v.

Terry Huber,

*Appellee/Cross-Appellant-Defendant.*

June 17, 2020

Court of Appeals Case No.
19A-PL-2480

Appeal from the Putnam Superior Court

The Honorable Charles D. Bridges, Judge

Trial Court Cause No.
67D01-1806-PL-24

**Bailey, Judge.**

# Case Summary

Appellant/Cross-Appellee James Ayers ("Ayers") and Appellee/Cross-Appellant Terry Huber ("Huber") are equal co-owners of Fleming Outfitters, Inc., d/b/a Gathering Lake Outfitters, Inc. ("the Corporation"), which is incorporated in Canada and provides bear hunting adventures in Thunder Bay in the Ontario Province. Ayers filed his Complaint against Huber in the Putnam Superior Court to collect an $80,000 debt referenced in a Security Agreement executed by the parties individually ("the Agreement") and to recoup monies allegedly advanced to Huber to pay Huber's personal expenses.[1] Huber alleged an affirmative defense of improper venue, citing Indiana Trial Rules 12(B)(3) and 75, and contemporaneously requested judgment on the pleadings pursuant to Indiana Trial Rule 12(C). The trial court conducted a hearing and heard argument of counsel, but subsequently issued an order as if a bench trial had been conducted. The trial court ordered Huber to pay

---

[1] The Complaint is not a model of clarity. In his Complaint, Ayers referenced the Agreement, executed on April 20, 2009, that "memorialized in part" the alleged debt. (App. Vol. II, pg. 10.) Although Ayers named as an additional plaintiff his wholly-owned professional corporation, only Ayers and Huber were signatories to the Agreement. We refer to Ayers and his professional corporation collectively as "Ayers."

The Complaint sought a judgment of $195,429.49 against Huber, together with all other proper relief. The Agreement includes a reference to $80,000.00 "to equalize [corporate] shares" contributions. *Id.* at 12. At the hearing, Ayers stated that he was owed $200,000 by the Corporation and that he had loaned $80,000.00 to Huber "separate from the corporation." (Tr. at 11.) On appeal, Ayers explains that he brought suit for $80,000.00 "plus $195,000.00 or more advanced to or for Huber personally in Indiana." Appellant's Brief at 8. Huber interprets the Complaint as a demand for $80,000.00 related to corporate investment plus $115,429.49 allegedly loaned for Huber's personal expenses.

$80,000.00 to Ayers and determined that monetary claims related to the Corporation must be heard in Canada.

[2] Ayers appeals, challenging the procedural posture and the purported "dismissal and transfer" of some of his grounds for relief. Huber cross-appeals, challenging the procedural posture and the order that he pay Ayers $80,000.00. We reverse and remand.

# Issues

[3] Both Ayers and Huber acknowledge the lack of clarity in Huber's trial motions and the fact that the order did not mirror a motion before the trial court for resolution. Ayers seeks remand while Huber seeks dismissal of the complaint as untimely or, alternatively, a remand for further proceedings.[2] Huber now expressly concedes that the Complaint was properly filed in Indiana. The parties offer a proliferation of facts not reflected in the pleadings and advance

---

[2] Huber claims that the action is governed by the six-year statute of limitations for promissory notes found in Indiana Code Section 34-11-2-9 and that the claim must be dismissed because Ayers failed to bring his claim within the statutory period. Huber concedes that this affirmative defense, *See* Trial Rule 8(C), was not specifically raised or litigated in the trial court but argues that the failure may be excused because the statutory language is plain. However, Huber also presumes that this is not an open account and no further advancements were made. He asserts that "no payments" were made and there was "no demand" for payment, asking, in effect, that we make factual findings in the absence of factual development in the record. Appellee's Brief at 17. We are not in a position to make factual determinations or to find error on grounds not presented to the trial court. Nor is Huber defending a judgment in his favor on alternate grounds. *See First Chicago Ins. Co. v. Dunn*, 141 N.E.3d 54, 61 (Ind. Ct. App. 2020) (recognizing that, in general, appellate review presupposes that a litigant's arguments have been considered in the trial court but a prevailing party may support the judgment on alternate grounds on appeal).

arguments not presented to the trial court. The parties properly articulate the following consolidated and restated issues. Ayers presents the following issues:

I. Whether remand is required because the trial court rendered a judgment on the merits absent a bench trial or proper conversion of the Trial Rule 12(C) motion for judgment on the pleadings to a Trial Rule 56 motion for summary judgment; and

II. Whether Huber demonstrated his entitlement to judgment on the pleadings.

Huber presents the following issue:

whether the order that he pay $80,000.00 lacks an evidentiary foundation.

Because of our disposition of the procedural issue, we need not additionally address the latter two issues.

# Facts and Procedural History

Ayers and Huber have a long-standing business relationship. Purportedly, each owns 50% of the Corporation, with Ayers having provided a down payment of $250,000.00, secured by a mortgage of $200,000.00, and Huber having provided sweat equity. Ayers is purportedly involved in litigation in Canada to foreclosure upon the mortgage.

On June 18, 2018, Ayers filed his complaint against Huber in the Putnam Superior Court. The Complaint contained averments that: the parties had

undertaken a joint venture; Huber was required to be in Canada and needed financial assistance in his home state of Indiana; Ayers had loaned Huber funds to protect and maintain his property and home in Putnam County, Indiana "as needed"; Huber had failed to make payments on the indebtedness; and Huber had retained a Canadian attorney "who has repudiated all the agreements set out above." (App. Vol. II, pg. 10.) Ayers requested a judgment of $195,429.49.

[6] Attached to the Complaint was the Agreement. Paragraph 1 of the Agreement recites that Ayers and Huber agreed to be "equal investors" but Huber was "unable to provide his portion of the funding to date, such that all the initial funding has been provided by Ayers with the obligation on the part of Huber to repay Ayers on demand. The amount owed to equalize said shares is in excess of $80,000.00." *Id.* at 12. Paragraph 2 recited that Huber had transferred his LaGoda, Indiana residence to Ayers subject to a mortgage. Paragraph 3 required Ayers to pay the residential mortgage, insurance, taxes, and expenses while he held title to the real estate. Paragraph 4 obligated Huber to obtain refinancing of his residence. Paragraph 5 provided that Ayers was to give notice to Huber of his intent to request payment and an accounting would be compiled. Huber then had thirty days to obtain financing.[3]

[7] In addition to the Agreement, Ayers attached to the Complaint copies of letters from a Canadian attorney, proposing settlement of all issues between Huber

---

[3] Purportedly, Huber has arranged refinancing of his residence. Ayers has asserted that Huber failed to repay $5,000.00 Ayers advanced Huber to facilitate refinancing.

and Ayers. The letters suggested that Huber was making a claim for wages in connection with the operation of the bear hunting camp and he asked that Ayers transfer his corporate shares to Huber.

[8] On July 19, 2018, Huber filed his Answer, raising affirmative defenses pursuant to Indiana Trial Rules 12(B)(3) and 75.[4] He averred that the parties were currently in a dispute regarding the ownership and operation of the Corporation.[5] Huber included within his Answer a request for judgment on the pleadings. He attached Articles of Incorporation to show that the Corporation had been incorporated in Canada.

[9] On April 1, 2019, Huber filed a "Motion for Ruling on Motion for Judgment on the Pleadings." (App. Vol. II, pg. 5.) In the motion, Huber cited Trial Rules 12(B)(3) and (75) and asserted that he was entitled to relief because of improper venue. Ayers filed a Response to the motion, attaching check copies aggregating $254,011.26. Some were cashier's checks, and some were drawn on the account of Ayers's professional corporation. Several of the checks were payable to HSBC Mortgage and one was payable to the Treasurer of Putnam

---

[4] Indiana Trial Rule 75 provides in pertinent part: "Any case may be venued, commenced and decided in any court in any county, except, that upon the filing of a pleading or a motion to dismiss allowed by Rule 12(B)(3), the court, from allegations of the complaint or after hearing evidence thereon or considering affidavits or documentary evidence filed with the motion or in opposition to it, shall order the case transferred to a county or court selected by the party first properly filing such motion or pleading if the court determines that the county or court where the action was filed does not meet preferred venue requirements or is not authorized to decide the case and that the court or county selected has preferred venue and is authorized to decide the case."

[5] He did not claim that the parties were in litigation.

County, Indiana. One cashier's check in the amount of $20,000.00 appeared to correspond to a Bill of Sale to Fleming Outfitters for an equipment purchase.

[10] On June 17, 2019, the parties appeared for a hearing. At the outset, the parties clarified that they were present for a "hearing on judgment on the pleadings." (Tr. at 6.) They also referenced venue. Counsel inquired as to whether outside evidence or testimony was expected, and the trial court responded, "fill me in on the 12(B)(3) motion." *Id.* at 7. The trial court questioned Ayers as to whether he had filed an appearance as counsel of record to proceed pro-se, or whether he would be testifying. It was determined that Ayers would not be offering testimony and Huber would "not cross[examine] then." *Id.* at 9. Finally, before the brief hearing (memorialized in approximately ten pages) was adjourned, it was again clarified that the hearing was "for judgment on the pleadings." *Id.* at 11. The trial court took the matter under advisement without hearing evidence.

[11] Notwithstanding the limited nature of the hearing, on July 9, 2019, the trial court issued its order commemorating that a bench trial had been conducted. In pertinent part, the order provides:

> Evidence was presented and testimony taken. The Court now finds the issues at hand are to be bifurcated. The Defendant is to pay the Petitioner 80,000 for the personal loan, within ninety (90) days of this Order. All issues concerning the Canadian Corporation are to be heard in a Court of proper jurisdiction in Canada.

(Appealed Order at 1.)

[12] On August 8, 2019, Ayers filed a Motion to Correct Error, arguing that the trial court had erroneously "dismissed a portion" of his claim. (App. Vol. II, pg. 84.) Ayers appended to his motion the affidavit of Mike Maher, a Barrister in Thunder Bay, Ontario, explaining the professional relationship between Ayers and Huber and describing foreclosure proceedings in Canada. The motion to correct error was denied on September 11, 2019. Ayers now appeals and Huber cross-appeals.

# Discussion and Decision

## Standard of Review

[13] At the outset, we address confusion as to Huber's request for relief in the trial court. On appeal, he initially refers to his motion as one for judgment on the evidence but primarily argues that his motion was understood by the parties and the trial court to be a venue challenge. The record indicates that Huber filed a motion for judgment on the pleadings. His counsel provided clarification to the trial court, without objection from opposing counsel, at the June 17, 2019 hearing: "We are here for hearing on judgment on the pleadings." (Tr. at 6.)

[14] A motion for judgment on the pleadings under Trial Rule 12(C) tests the sufficiency of a claim or defense presented in the pleadings and should be granted "only where it is clear from the face of the complaint that under no circumstances could relief be granted." *Veolia Water Indianapolis, LLC v. National Trust Ins. Co.*, 3 N.E.3d 1, 5 (Ind. 2014) (quoting *Murray v. City of*

*Lawrenceburg*, 925 N.E.2d 728, 731 (Ind. 2010)). The pleadings consist of a complaint, answer, reply to a counterclaim, answer to a crossclaim, a third-party complaint and answer to a third-party complaint. *Consolidated Ins. Co. v. National Water Services, LLC*, 994 N.E.2d 1192, 1196 (Ind. Ct. App. 2013), *trans denied*. A pleading for these purposes may also include a written instrument attached to a pleading pursuant to Trial Rule 9.2 (applicable when a pleading is founded on a written instrument). *Id.* Because the ruling is based solely upon the pleadings, we accept as true the material facts alleged in the complaint. *KS & E Sports v. Runnels*, 72 NE3d 892, 898 (Ind. 2017). We review a 12(C) ruling de novo. *Id.*

# Procedural Posture

[15] Ayers observes that Huber requested judgment on the pleadings but likely desired to have litigated a Trial Rule 4.4 forum non conveniens issue, something he did not raise.[6] Rather, Huber presented argument with reference to Indiana Trial Rules 12(B)(3) and 75, which concern when a defense may be

---

[6] Indiana Trial Rule 4.4 provides in relevant part:

Jurisdiction under this rule is subject to the power of the court to order the litigation to be held elsewhere under such reasonable conditions as the court in its discretion may determine to be just.

In the exercise of that discretion the court may appropriately consider such factors as:

(1) Amenability to personal jurisdiction in this state and in any alternative forum of the parties to the action;

(2) Convenience to the parties and witnesses of the trial in this state and in any alternative forum;

(3) Differences in conflict of law rules applicable in this state and in the alternative forum; or

(4) Any other factors having substantial bearing upon the selection of a convenient, reasonable and fair place of trial.

raised by motion and govern changes of venue in Indiana, respectively. Huber did not seek a change of venue in Indiana; his hearing argument suggested that he sought dismissal of Huber's Complaint. Indiana Trial Rule 75(B) provides "whenever a claim or proceeding is filed which should properly have been filed in another court of this state, and proper objection is made, the court in which such action is filed shall not then dismiss the action, but shall order the action transferred to the court in which it should have been filed." Thus, when a motion pursuant to Rules 12(B)(3) and 75 is granted, the remedy is not to dismiss the case but to transfer it. *Hollingsworth v. Key Benefit Adm'rs, Inc.*, 658 N.E.2d 653, 655 (Ind. Ct. App. 1995), *trans. denied*. Nonetheless, on appeal Huber explicitly abandons any claim of improper venue.

[16] Ultimately, the trial court granted a judgment, of an amount that corresponded to the amount reflected in Paragraph 1 of the Agreement, described therein as a sum to "equalize shares." (App. Vol. II, pg. 12.) Bifurcating the matter, the trial court declined to rule upon Ayers's entitlement to reimbursement of other expenditures deemed related to the Corporation. Hence, Ayers describes the outcome as a partial dismissal and a judgment without evidence, and he challenges as "most egregious" the omission of lack of evidence consistent with Trial Rule 4.4 to establish forum inconveniens. Appellant's Brief at 13. Ayers argues that, at a minimum, the motion for judgment on the pleadings should have been converted to one for summary judgment with designations permitted before any ruling upon the merits.

[17] Indiana Trial Rule 12(C) provides:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

The trial court's failure to give explicit notice of intent to convert a motion to dismiss to summary judgment is reversible error where a reasonable opportunity to respond is not afforded a party and the party is prejudiced. *Lanni v. Nat'l Collegiate Athletic Ass'n*, 989 N.E.2d 791, 795 (Ind. Ct. App. 2013).

[18] The Complaint divulged a long-standing business relationship between the parties, with obligations at least partially memorialized in 2009 with the Agreement. Facially, the Complaint indicated that Huber had failed to repay Ayers a personal loan. The attached agreement recited a sum due to equalize respective contributions to the acquisition of corporate shares, but arguably contemplated additional loans of a personal nature. The Complaint also included an averment that Huber had, through counsel, communicated his repudiation of purported agreements between himself and Ayers. The Answer did not acknowledge the authenticity of the Agreement but referred to it as a "supposed security agreement involving property in Putnam County" and claimed there was a dispute regarding ownership and operation of a bear hunting camp. (App. Vol. II, pg. 20.) Because the trial court entered a monetary judgment, notwithstanding any related factual dispute or affirmative

defense, it is apparent that matters outside the pleadings were not excluded by the trial court.

[19] However, as Huber observes, the trial court did not purport to enter summary judgment. Rather, the court appeared to be under the impression that evidence had been taken at the hearing. At bottom, the parties were not afforded the opportunity to present summary judgment materials pursuant to Trial Rule 56 nor to present evidence in a bench trial. We therefore reverse and remand for further proceedings.

# Conclusion

[20] The motion before the trial court, a Trial Rule 12(C) motion for judgment on the pleadings, was not properly converted to a motion for summary judgment pursuant to Trial Rule 56. The parties did not participate in a bench trial. Accordingly, the judgment upon the merits lacks an evidentiary foundation.

[21] Reversed and remanded.

Crone, J., and Altice, J., concur.